GROCERS DAIRY COMPANY *v.* DEPARTMENT OF
AGRICULTURE DIRECTOR.

1. CONSTITUTIONAL LAW—RIGHT TO ENGAGE IN BUSINESS.
   The Constitution guarantees to citizens the general right to
   engage in any business which does not harm the public
   (US Const, Am 14; Mich Const 1908, art 2, § 16).

2. SAME—PRESERVATION OF PUBLIC HEALTH, SAFETY, MORALS AND
   GENERAL WELFARE—FRAUD.
   The constitutional right to engage in business is subject to
   the sovereign police power of the State to preserve public
   health, safety, morals, and general welfare and prevent fraud
   (US Const, Am 14; Mich Const 1908, art 2, § 16).

3. SAME—POLICE POWER—RELATION OF REMEDY TO PUBLIC PURPOSE
   MUST BE REASONABLE.
   Police power must be exercised in such a way as to conserve
   the public welfare or correct a public wrong and there must
   be a reasonable relation between the remedy adopted and
   the public purpose (US Const, Am 14; Mich Const 1908, art
   2, § 16).

4. SAME—POLICE POWER—PUBLIC HEALTH, SAFETY, MORALS—GEN-
   ERAL WEFARE.
   The test of legitimacy of the exercise of the police power is
   the existence of a real and substantial relationship between
   the exercise of those powers in a particular manner in a
   given case and public health, safety, morals, or the general
   welfare.

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  16 Am Jur 2d, Constitutional Law § 371.
[2]  16 Am Jur 2d, Constitutional Law § 372.
[3–5]  16 Am Jur 2d, Constitutional Law § 305 *et seq.*
[6, 7]  16 Am Jur 2d, Constitutional Law § 137 *et seq.*
[8]  22 Am Jur, Food § 75.
   Constitutionality of regulations as to milk.   155 ALR 1383.
[9]  50 Am Jur, Statutes § 165 *et seq.*
   5 Am Jur 2d, Appeal and Error § 763.
[10]  5 Am Jur 2d, Appeal and Error § 1009.

5. SAME—ARBITRARY STATUTES—INVASION OF PROPERTY OR PERSONAL
RIGHTS.

The primary determination of public need and character of
remedy in the exercise of the police power is in the legis-
lature and its statute must be sustained unless remedy
provided therein is palpably unreasonable and arbitrary so
as needlessly to invade property or personal rights as pro-
tected by the Constitution (US Const, Am 14; Mich Const
1908, art 2, § 16).

6. STATUTES—PRESUMPTIONS.

The presumption of constitutionality of a statute favors valid-
ity, hence, if the relation between the statute and the public
welfare is debatable, the legislative judgment must be
accepted.

7. CONSTITUTIONAL LAW—STATUTES—PUBLIC HEALTH—COURTS.

It is for the courts to determine whether a statute which is
passed ostensibly for the public health and to secure the
public comfort and safety relates to and is appropriate to
promote such public health.

8. FOOD—GALLON CONTAINERS FOR MILK—DUE PROCESS.

Statute prohibiting sale of milk in gallon containers *held*,
unreasonable, capricious, and in violation of constitutional
right to do business as secured by due process clauses of
Federal and State Constitutions (US Const, Am 14; Mich
Const 1908, art 2, § 16; PA 1929, No 169, § 1, subd [q], as
amended).

9. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTITUTIONAL
LAW.

Whether provision of statute is embraced within title of act
is not determined, where provision is held unconstitutional
as a denial of due process (US Const, Am 14; Mich Const
1908, art 2, § 16, art 5, § 21; PA 1929, No 169, § 1, subd
[q], as amended).

10. COSTS—PUBLIC QUESTION—GALLON CONTAINERS FOR MILK.

No costs are allowed in suit by dairy for declaration of rights
with respect to sale of milk in gallon containers, a public
question being involved (PA 1929, No 169, § 1, subd [q], as
amended).

Appeal from Kent; Vander Wal (John H.), J.
Submitted April 8, 1965. (Calendar No. 16, Docket
No. 50,830.)   Decided January 5, 1966.

Complaint by Grocers Dairy Company, a Michigan corporation, against G. S. McIntyre, Director of Michigan Department of Agriculture, to declare PA 1929, No 169, § 1, subd (q), as amended by PA 1961, No 234 (CLS 1961, § 288.1, subd [q]) unconstitutional in that it prohibited sale of milk in 1-gallon containers and to enjoin defendant from interfering with the sale of milk in 1-gallon containers. Counterclaim by defendant to enjoin plaintiff from selling milk in 1-gallon containers. Judgment for defendant. Plaintiff appeals. Reversed.

*Warner, Norcross & Judd (J. M. Neath, Jr.,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Maurice M. Moule,* Assistant Attorney General, for defendant.

T. M. KAVANAGH, C. J.   In October, 1963, plaintiff brought this action for a declaratory judgment to have PA 1929, No 169, § 1, subd (q), as amended CLS 1961, § 288.1, subd (q) (Stat Ann 1961 Cum Supp § 12.601, subd [q]), which prohibited plaintiff from selling fluid milk in 1-gallon containers, declared unconstitutional.   Plaintiff's contention was that such prohibition (1) exceeded the purpose and title of the act, and (2) was an arbitrary, capricious and unreasonable prohibition contrary to the Constitutions of the State of Michigan and the United States.

Defendant answered the complaint and alleged that the standards established by the legislature in PA 1961, No 234, for the distribution of fluid milk, are within the police powers of the State and bear a reasonable relation to the public health and welfare.   Defendant prayed that PA 1929, No 169,

§ 1, subd (q), as amended by PA 1961, No 234,[1] be held constitutional.

Section 1, subd (q) of PA 1929, No 169, as amended, limits the size of bottles used for the sale of milk to the following capacities only: 1/2 gallon; 1 quart; 1 pint; 10 ounces; and 1/2 pint. It provides that each bottle shall be plainly marked as to its capacity and shall contain the amount marked on the bottle.

PA 1929, No 169, as amended, prohibits the sale of milk in containers larger than 1/2 gallon but less than three gallons. Another section of the act allows the sale of milk in quantities of three or more gallons.[2]

The trial court in a lengthy opinion held that the act as amended, and particularly section 1, subd (q), was constitutional under both the Federal and State Constitutions and permanently enjoined plaintiff from selling and distributing milk or cream in containers having a capacity other than those prescribed in said Act No 169, as amended.

Plaintiff appeals raising the following questions:

(1) Is the prohibition of one-gallon containers void as contrary to article 5, § 21 of the Michigan Constitution of 1908, which provides, "No law shall embrace more than one object, which shall be expressed in its title"?

(2) Is the absolute prohibition of the sale of milk in one-gallon containers contrary to the constitutional guarantees of due process of law under the State and Federal Constitutions?

The trial judge in his opinion relied on the principle "that certain standards are necessary in the

---

[1] CLS 1961, § 288.1, was also amended by PA 1963, No 61 (Stat Ann 1963 Cum Supp § 12.601), which amendment, however, made no change in subd (q).

[2] CLS 1961, § 288.5, subd (g) (Stat Ann 1963 Cum Supp § 12.605, subd [g]).—REPORTER.

sale and distribution of milk products," and the fact that "counsel for the plaintiff in their brief state that they agree that there should be regulation of the materials from which milk containers are constructed in order to insure safe and healthful handling of this product." The trial court further observed that both parties agreed "that every package of milk should contain the quantity of milk that it purports to contain and that the legislature may require the use of containers of standard and commonly used sizes or volumes in order to prevent both deliberate and inadvertent deception of the consumer." The trial judge concluded he could not substitute his judgment for that of the legislature, saying the court did not have the power to add the word "gallon" to the provisions of section 1, subd (q) setting forth the usable standards of measurements.

However, as appellant insists, the issue is not the wisdom or judgment displayed by the legislature, but, rather, the reasonableness of the statutory regulation. The correct principles were expressed by this Court in *Carolene Products Co.* v. *Thomson,* 276 Mich 172, 178:

"The Constitution guarantees to citizens the general right to engage in any business which does not harm the public.[3] * * * The constitutional right to engage in business is subject to the sovereign police power of the State to preserve public health, safety, morals or general welfare and prevent fraud. In the exercise of the police power there must be *not only a public welfare to be conserved or public wrong to be corrected, but there must be also a reasonable relation between the remedy adopted and the public purpose.*" (Emphasis supplied.)

---

[3] See US Const, Am 14; Mich Const 1908, art 2, § 16.—REPORTER.

The test of legitimacy of the exercise of the police power is "the existence of a real and substantial relationship between the exercise of those powers in a particular manner in a given case and public health, safety, morals, or the general welfare." *Roman Catholic Archbishop of Detroit* v. *Village of Orchard Lake,* 333 Mich 389, 392.

The power of the legislature to regulate the production and sale of milk is not in dispute, but the police power of regulation does not include the absolute prohibition of trade in useful and harmless articles of commerce. The principles involved are well settled. The Constitution guarantees to citizens the general right to engage in any business which does not harm the public. This constitutional right to engage in business is subject to the sovereign police power of the State to preserve public health, safety, morals, and public welfare.

The primary determination of public need and character of remedy in the exercise of the police power is in the legislature, and its statutes must be sustained unless the remedy is palpably unreasonable and arbitrary so as needlessly to invade property or personal rights as protected by the Constitution. *Carolene Products Co.* v. *Thomson, supra.*

The presumption of the constitutionality of a statute favors validity and, if the relation between the statute and the public welfare is debatable, the legislative judgment must be accepted. *Kelley* v. *Judge of Recorder's Court of Detroit,* 239 Mich 204.

"Generally, it is for the legislature to determine what laws and regulations are needed to protect the public health and secure the public comfort and safety. If it passes an act ostensibly for the public health, and thereby destroys or takes away the property of the citizen or interferes with his liberty, it is for the courts to determine whether it

relates to and is appropriate to promote such public health." *People* v. *Snowberger,* 113 Mich 86, 91.

Plaintiff's witnesses testified during the trial that there was no relation between sanitary requirements and the quantity of milk. They further testified that but for its size and weight, the gallon milk container in which appellant marketed its milk is identical in all respects to the containers approved by appellee and used for half gallons, quarts, and other sizes, and that the machine used to fill the gallon container is equally if not more sanitary than the machine used to fill the smaller size containers which are approved by the Michigan department of agriculture.

On the question of milk volume, witnesses testified that, although the gallon carton might necessitate transferring of milk to smaller containers by the housewife, thus increasing the exposure to contamination, at least until the time the milk reaches the housewife, a carton of milk measuring one gallon is as sanitary and healthful as the smaller permitted containers.

A bacteriologist testified that his examination of the cartons themselves showed they fully met the tests and standards of the United States public health service, which are also used by the Michigan department of health. Another bacteriologist conducted tests of the one-gallon container and found no sanitary diminution in the volume of one gallon from the permitted volumes of three gallons, one quart, 1/2 gallon, et cetera. He was asked the following hypothetical question and gave the following answer:

"*Q.* Mr. Frahm let us assume we have a container with milk that passes with the highest quality of honors in your field, and we have then some paper containers or smaller containers of half-gallon, a

gallon, quart which equally, themselves, dry, without milk in them pass with what you might characterize the highest quality of standards that you set, is there any relationship in terms of a deterioration of this quality of sanitation or standards of whether we put the milk into the quart, half-gallon or gallon under that assumed set of circumstances?

"*A.* None whatsoever."

Witnesses testified there is no deception or confusion about selling milk by the gallon, that the one-gallon measure is as commonly understood a measure as the half-gallon, the quart and the pint, and that ice cream has been marketed by the dairy industry in Michigan in one gallon sizes for years. Testimony disclosed that gallon containers similar to those used by appellant are used in the sale of milk in Ohio, Indiana, Illinois, and Wisconsin. A groceryman testified that his store carries such things as salad dressings, mustard, vinegar, pickles, cider, and ice cream in gallon containers.

There was testimony offered by the State's witnesses that gallon containers might burden regulatory procedures in that an additional type of container would have to be inspected. There was speculation that the introduction of gallon size milk containers might increase the cost of milk due to an increase in the processors' overhead which would affect some of the marginal processors in the State.

A reading of the entire record fails to convince this Court that appellant's plastic-coated gallon containers present a health hazard any different than the half-gallon and smaller sizes or the three-gallon and larger sizes permitted by law. Nor does the record contain evidence that the use of the well-known, accepted gallon measure in the packaging of food products might confuse and defraud the public. On the contrary, the evidence demands a conclusion that there is no basis in

public health, safety, or welfare for denying the appellant the right to sell milk in gallon containers.

The regulations of PA 1929, No 169, § 1, subd (q), as amended, as applied to plaintiff are unreasonable and capricious and lead to the inevitable conclusion that there is no reasonable relationship between the public purpose and the remedy adopted.

We conclude that PA 1929, No 169, § 1, subd (q), as amended, prohibiting the sale of milk in gallon containers, is in violation of the constitutional right to do business secured under the due process clauses of the Fourteenth Amendment of the Federal Constitution and article 2, § 16 of our 1908 State Constitution.[4]

The judgment of the trial court is reversed. Judgment will enter in conformity with this opinion.

In view of our disposition of question ·number two, it is not necessary for us to discuss appellant's first question.

A public question being involved, no costs are allowed.

DETHMERS, KELLY, SOURIS, SMITH, and O'HARA, JJ., concurred with T. M. KAVANAGH, C. J.

BLACK, J., concurred in result.

ADAMS, J., did not sit.

---

[4] See, currently, Const 1963, art 1, § 17.—REPORTER.