MURPHY *v.* WAYNE COUNTY EMPLOYEES RETIREMENT
BOARD OF TRUSTEES

JUDGES—RETIREMENT BENEFITS—REDUCTION OF BENEFITS—APPOINT-
MENT AS TEMPORARY JUDGE—IMPAIRMENT OF CONTRACTS.

A retired probate judge was entitled to his full county retirement
and pension benefits during a period of time when he was
appointed to fill a judicial vacancy and was receiving a *per
diem* salary even though a statute provides for the reduction
of retirement and pension benefits in such a situation as the
plaintiff retired judge's where the plaintiff had served as a
probate judge for many years before the statute was enacted
because the accrued benefits of the pension plan constituted
a contractual obligation which could not be impaired and be-
cause if the statute were applied to the judge, his contractual
rights would be unconstitutionally impaired (Const 1963, art
9, § 24; MCLA § 600.226).

Appeal from Wayne, John B. Swainson, J. Sub-
mitted Division 1 June 15, 1971, at Detroit. (Docket
No. 10240.)   Decided August 23, 1971.

Complaint by Joseph A. Murphy against Wayne
County Employees Retirement Board of Trustees
for retirement and pension benefits. Summary
judgment for plaintiff. Defendant appeals. Af-
firmed.

*Poole, Littell, Emery & Sutherland* (by *J. Patrick
Martin*), for plaintiff.

REFERENCE FOR POINTS IN HEADNOTE
46 Am Jur 2d, Judges § 65.

*William L. Cahalan,* Prosecuting Attorney, and *Aloysius J. Suchy* and *David R. Kaplan,* Assistants Prosecuting Attorney, for defendant.

Before: T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

HOLBROOK, J. Defendant appeals from an order in the Circuit Court for Wayne County, granting plaintiff's motion for summary judgment.

The Honorable Joseph A. Murphy, plaintiff, served as an elected probate judge for Wayne County from January 1, 1933, until April 15, 1968, when his resignation became effective.

The Michigan Supreme Court, by the court administrator, then appointed Judge Murphy to fill the vacancy created by his resignation. The appointment was to last until a successor was elected and qualified to take office. After his resignation and while serving in the capacity of a probate judge for Wayne County, an appointment which he kept until December 14, 1968, he requested his retirement and pension benefits, which were routinely processed and paid after April 15, 1968.

On May 31, 1968, the defendant, Wayne County Employees Retirement Board of Trustees, indicated to the plaintiff that it had submitted a request to the prosecuting attorney's office for a determination as to whether or not plaintiff was entitled to receive the pension benefits in addition to his *per diem* salary of $100. Pending the opinion, Judge Murphy received the following benefits: retirement benefits from Wayne County, benefits from the state under the probate judges retirement act, and his *per diem* salary.

The prosecuting attorney's opinion to the defendant stated that it was entitled to reduce benefits

being paid to plaintiff by 1/250 of the annual retirement benefits pursuant to MCLA § 600.226 (Stat Ann 1971 Cum Supp § 27A.226).

On September 3, 1968, defendant informed plaintiff concerning the opinion received from the prosecuting attorney's office and requested repayment of the benefits he had previously received, retroactive from April 16, 1968. Defendant at that time further indicated that it was withholding plaintiff's retirement check for August. Plaintiff refused to make the repayment and defendant chose to discontinue any additional benefits payable to plaintiff. The defendant continued to refuse retirement payments to plaintiff until they had accumulated to a point where the money withheld was representative of the amount that defendant had previously requested plaintiff to repay.

Plaintiff did not agree to this action by the defendant, and protested both orally and through written communication.

No hearing was held by the defendant concerning severance of the benefits until April 28, 1969, and by that time the claimed retirement benefits had already been recouped in full by the defendant.

The trial court found that defendant's unilateral action violated plaintiff's constitutional right to due process by depriving him of an administrative hearing before his pension benefits were suspended. It further found that defendant had no right to withhold or reduce plaintiff's retirement benefits during the time he served as an appointed probate judge and that all monies withheld by defendant must be paid back with interest from the dates they were due.

The court issued an order staying enforcement of the judgment pending this appeal.

Defendant raises three issues, one of which, when answered, disposes of the matter.

Whether the Wayne County Employees Retirement Board of Trustees is legally authorized to withhold retirement benefits of a retired probate judge when he accepts a temporary appointment to fulfill the office of probate judge?

The enabling statute under which the Wayne County retirement plan was established is MCLA § 46.12a (Stat Ann 1971 Cum Supp § 5.333[1]).

The Wayne County retirement ordinance as last amended, March 11, 1964, provides in pertinent part as follows:

## "Art VI

"Sec. 1.
"(a). Any member may retire at any time after he has attained his normal retirement age upon his written application to the Board of Trustees setting forth at what time, not less than 30 days and not more than 90 days subsequent to the execution and filing thereof, he desires to be retired. Upon his retirement he shall receive a retirement allowance provided for in § 2 of this article.

\* \* \*

"Sec. 2.
"(a). Upon his retirement, provided for in § 1 of this article, a member shall receive a retirement allowance, called a regular retirement allowance, which shall consist of:

"I. An employee pension which shall be the actuarial equivalent of his accumulated contributions standing to his credit in the employee saving fund at the time of his retirement; and

"II. A county pension, which when added to his employees pension shall provide a retirement allowance equal to the number of years, and fraction of a year, of his credited service multiplied by the sum

of 1.4% of the first $4,200 of his average final compensation and 1.7% of the portion of his average final compensation in excess of $4,200: Provided, that in no case shall his county pension exceed $1,800 per annum, or 1/2 of his average final compensation, whichever is greater: provided further, that during the statutory period for payment of his workmen's compensation, if he is in receipt of workmen's compensation on account of his county employment, his said county pension shall not exceed the difference between 1/2 of his average final compensation and his weekly workmen's compensation converted to an annual basis."

Judge Murphy was appointed to fill the vacancy pursuant to MCLA § 701.11 (Stat Ann 1971 Cum Supp § 27.3178[11]). There is no disagreement that plaintiff was entitled to act in the capacity of probate judge.

Defendant relied upon MCLA § 600.226 (Stat Ann 1971 Cum Supp § 27A.226) for authority to discontinue benefits to plaintiff while filling the appointment and office, *viz.*:

"(1) The supreme court may authorize any retired judge from any court of record to perform judicial duties in any court of record in the state where there is a judicial vacancy. Such authorization may be for such period or periods the supreme court shall designate with the consent of the retired judge. Subsequent authorizations of other retired judges from courts of record to such court may be made when deemed necessary with the consent of such judges.

"(2) Any retired judge of any court of record assigned to any period of active judicial service pursuant to article 6, section 23 of the state constitution of 1963 and pursuant to the laws of the state relating to such service, shall be compensated as follows:

"(a) Such judge shall receive the same salary payable at the same times and from the same sources as provided for the vacant judicial office in which such judge is authorized to perform judicial duties, provided he files the waiver prescribed by this section.

"(b) Such judge shall, before undertaking the authorized duties, execute and file a waiver of any and all retirement benefits based on judicial service from any state, county or municipal retirement system for the period that he may perform the authorized judicial duties. The waiver shall be filed with the retirement board of each retirement system from which he is receiving any annuity or retirement benefit. The respective retirement boards shall suspend payments to him for the period he is performing the authorized judicial duties only. The performance of such authorized judicial duties shall be without prejudice to all other rights of such judge under the retirement systems.

"(c) The salary for each day in which the judge serves as authorized shall be 1/250 of the annual salary for the vacant judicial office. Retirement benefits waived for each day shall be 1/250 of the annual retirement benefits.

"(d) Necessary expenses incidental to the performance of duties required by such assignment shall be paid by the state in accordance with the established provisions and procedures for state officials and upon the approval of the court administrator."

Plaintiff contends to the extent that § 226 purports to reduce his pension rights, it impairs the contractual rights that he was entitled to and which had vested prior to the statute's passage. We are constrained to agree with this contention.

Const 1963, art 9, § 24 provides in part the following:

"Sec. 24. The accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation thereof which shall not be diminished or impaired thereby."

In *Campbell* v. *Judges' Retirement Board* (1966), 378 Mich 169, 181, 182, the rule is stated as follows:

"We hold that a valid contract was entered into between judges and the state, that the state's agreement thereunder to pay the judges certain benefits created vested rights for the judges upon their retirement, that these are enforceable and cannot be impaired or diminished by the state. This should be deemed to include not only the benefits provided by statute at the time of entry into the contract and of retirement, but, also, those later added by statutory amendment. The legislature may add to but not diminish benefits without running afoul of constitutional prohibition against impairment of the obligation of a contract."

This rule well covers the situation before us and controls the outcome.

Plaintiff became a probate judge in 1933. His contractual rights in the pension provided him by defendant were vested under the ordinance prior to the enactment of § 226, by PA 1964, No 81, effective May 12, 1964. If § 226 is applied retroactively it would unconstitutionally diminish and impair plaintiff's retirement pension rights, which rights are vested contractual rights in view of the provision in Const 1963, art 9, *supra*. *Campbell* v. *Judges' Retirement Board, supra; Michigan Public Service Company* v. *City of Cheboygan* (1949), 324 Mich 309.

Affirmed. Costs to plaintiff.

All concurred.