STANFIELD v DEPARTMENT OF LICENSING AND REGULATION

Docket No. 60143. Submitted June 8, 1983, at Lansing.—Decided August 17, 1983. Leave to appeal denied, 418 Mich 920.

Plaintiffs, Gladys E. Stanfield, John J. Austin, Edward L. George, and others, on their behalf and on behalf of all others similarly situated, brought an action in the Ingham Circuit Court against the Department of Licensing and Regulation, its director and the Michigan Board of Psychology challenging the constitutionality of a portion of the Public Health Code dealing with the practice of psychology. Plaintiffs, who do not possess doctoral degrees in psychology, possess "limited licenses" which permit them to practice school psychology. They claim that the code violates due process and equal protection principles to the extent that it allows them to practice their profession in the course of their employment with a school but not independently of that employment. The trial court, James T. Kallman, J., denied plaintiffs' request to have the statutory scheme declared unconstitutional. Plaintiffs appeal from the judgment and order to that effect. *Held:*

1. The regulation of the practice of psychology is properly within the state's police power.

2. The Legislature's decision to limit the practice of the school psychologists to the school setting is rationally related to a legitimate state objective and neither violates due process nor constitutes a denial of equal protection. The trial court's findings to that effect were correct.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 125.

[2] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 56.

[3] 16A Am Jur 2d, Constitutional Law §§ 760, 775, 816. 61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 28, 29.

[4] 16A Am Jur 2d, Constitutional Law § 382. 61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 28, 29.

[5] 16A Am Jur 2d, Constitutional Law §§ 384, 816.

[6] 16A Am Jur 2d, Constitutional Law §§ 384, 760.

[7] 16 Am Jur 2d, Constitutional Law § 212.
16A Am Jur 2d, Constitutional Law § 389.

1. CRIMINAL LAW — LICENSES — PSYCHOLOGY.

A person who practices psychology without a license is subject to criminal prosecution (MCL 333.16294-333.16299; MSA 14.15[16294]-14.15[16299]).

2. .LICENSES — PSYCHOLOGY — SCHOOL PSYCHOLOGISTS.

A person desiring to practice psychology generally must obtain, as a minimum qualification for such practice, a doctoral degree in psychology; however, a limited license to practice as a "school psychologist" may be obtained by individuals who do not possess a doctoral degree in psychology (MCL 333.18214[2], 333.18223[1]; MSA 14.15[18214], 14.15[18223][1]).

3. CONSTITUTIONAL LAW — DUE PROCESS — EQUAL PROTECTION — SCHOOL PSYCHOLOGISTS — LICENSES.

There is a rational basis to support the Legislature's decision to limit the practice of "school psychologists" to the school setting; therefore, the statutory scheme pertaining thereto does not constitute a violation of due process and a denial of equal protection (MCL 333.18201 *et seq.;* MSA 14.15[18201] *et seq.).*

4. CONSTITUTIONAL LAW — POLICE POWER — PSYCHOLOGY — LICENSES.

The regulation of the practice of psychology is properly within the state's police power.

5. CONSTITUTIONAL LAW — DUE PROCESS — POLICE POWER.

The test to determine whether legislation enacted pursuant to the police power comports with due process is whether the legislation bears a reasonable relation to a permissible legislative objective.

6. CONSTITUTIONAL LAW — EQUAL PROTECTION — POLICE POWER.

The test to determine whether legislation enacted pursuant to the police power comports with equal protection is whether a legislative classification is rationally related to a legitimate governmental interest.

7. CONSTITUTIONAL LAW — POLICE POWER — PRESUMPTION OF CONSTITUTIONALITY.

Legislation enacted pursuant to the police power is accorded a presumption of constitutionality when faced with a due process or equal protection challenge; where the Legislature's judgment is drawn in question a court's inquiry must be restricted to the issue of whether any state of facts either known or which could reasonably be assumed affords support for it.

*Foster, Swift, Collins & Coey, P.C.* (by *Arthur R. Przybylowicz*), for plaintiffs.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *Howard C. Marderosian*, Assistant Attorney General, for defendants.

Before: DANHOF, C.J., and ALLEN and K. N. HANSEN,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order of the trial court denying their challenge to the constitutionality of a portion of the occupations section of the Public Health Code. MCL 333.16101 *et seq.;* MSA 14.15(16101) *et seq.*

Plaintiffs challenge that portion of the code which deals with the practice of psychology. MCL 333.18201 *et seq.;* MSA 14.15(18201) *et seq.* Plaintiffs are all persons possessing "limited licenses" which permit them to practice school psychology. They claim that to the extent that the code allows them to practice their profession in the course of their employment with a school, but not independently of that employment, it constitutes a violation of due process and a denial of equal protection.

The practice of psychology in Michigan is defined as involving the following:

"(b) 'Practice of psychology' means the rendering to individuals, groups, organizations, or the public of services involving the application of principles, methods, and procedures of understanding, predicting, and influencing behavior for the purposes of the diagnosis, assessment related to diagnosis, prevention, amelioration, or treatment of mental or emotional disorders, disabilities or behavioral adjustment problems by means of psychotherapy, counseling, behavior modification, hyp-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

nosis, biofeedback techniques, psychological tests, or other verbal or behavioral means. The practice of psychology shall not include the practice of medicine such as prescribing drugs, performing surgery, or administering electro-convulsive therapy." MCL 333.18201(1)(b); MSA 14.15(18201)(1)(b).

A person practicing psychology without a license is subject to criminal prosecution. MCL 333.16294-333.16299; MSA 14.15(16294)-14.15(16299).

It is undisputed that a person desiring to practice psychology generally must obtain, as a minimum qualifcation for such practice, a doctoral degree in psychology. MCL 333.18223(1); MSA 14.15(18223)(1). A limited license to practice as a school psychologist is authorized by MCL 333.18214(2); MSA 14.15(18214)(2):

"(2) This part does not prohibit an individual approved by the state department of education from using the title 'school psychologist' and engaging in those duties and activities pertinent to employment by a public or private elementary or secondary school."

While the parties contest the relative qualifications of doctoral degree psychologists as compared to masters degree level school psychologists, there is general agreement that those persons who possess a doctoral degree in psychology have more training than school psychologists. Plaintiffs do point out, however, that school psychologists may have more training with respect to the practice of psychology in schools than do some licensed psychologists. Plaintiffs are not possessed of doctoral degrees in psychology.

After hearing testimony from expert psychologists presented by both parties, the circuit court denied plaintiffs' request to declare the statutory

scheme unconstitutional, rejecting both plaintiffs'
due process and equal protection claims. The court
noted that the expert testimony was inconsistent
concerning the desired requisite minimum require-
ments which should be included for those desiring
to practice psychology. It also noted that there was
disagreement concerning whether private practice
by school psychologists would be detrimental to
the health and welfare of society. The court found
that, because the practice of psychology in a school
is more closely supervised than is private practice,
the Legislature could have rationally decided to
limit school psychologists to practice only in the
school setting.

The Supreme Court has set forth the relevant
tests for reviewing due process and equal protec-
tion challenges to legislative enactments. In *Shav-
ers v Attorney General,* 402 Mich 554, 612-614;
267 NW2d 72 (1978), the Supreme Court held:

"The test to determine whether legislation enacted
pursuant to the police power comports with due process
is whether the legislation bears a reasonable relation to
a permissible legislative objective. See *Michigan Can-
ners v Agricultural Board,* 397 Mich 337, 343-344; 245
NW2d 1 (1976).

"The test to determine whether a statute enacted
pursuant to the police power comports with equal pro-
tection is, essentially, the same. As the United States
Supreme Court declared in *United States Dep't of Agri-
culture v Moreno,* 413 US 528, 533; 93 S Ct 2821; 37 L
Ed 2d 782 (1973):

" 'Under traditional equal protection analysis, a legis-
lative classification must be sustained, if the classifica-
tion itself is rationally related to a legitimate govern-
mental interest.' (Citations omitted.)

"In the application of these tests, it is axiomatic that
the challenged legislative judgment is accorded a pre-
sumption of constitutionality. See *Michigan Canners v
Agricultural Board, supra,* 343-344. What this 'presump-

tion of constitutionality' means, in terms of challenged police power legislation, is that in the face of a due process or equal protection challenge, 'where the legislative judgment is drawn in question', a court's inquiry 'must be restricted to the issue whether any state of facts either known or which could reasonably be assumed affords support for it'. *United States v Carolene Products Co,* 304 US 144, 154; 58 S Ct 778; 82 L Ed 1234 (1938). A corollary to this rule is that where the legislative judgment *is supported by 'any state of facts either known or which could reasonably be assumed',* although such facts may be 'debatable', the legislative judgment must be accepted. *Carolene Products Co v Thomson,* 276 Mich 172, 178; 267 NW 608 (1936)." (Footnotes omitted; emphasis in original.)

It has long been held that the regulation of the practice of psychology is properly within the state's police power. *Nelles v Superintendent of Public Instruction,* 5 Mich App 47, 52-53; 145 NW2d 795 (1966). Therefore, the only issue presented herein is whether there is any rational basis to support the Legislature's decision to limit the practice of school psychologists to the school setting.

The record supports the trial court's finding that school psychologists, in the course of their employment with a school district, are accountable to and supervised by the school district in which they work. In addition, there was general agreement that the training received by a school psychologist is geared towards practicing in a team setting. Private practitioners function independently of each other, without supervision and often without any type of consultation.

In view of the foregoing, we believe that the Legislature's decision to limit the practice of these persons to the school setting is rationally related to a legitimate state objective and neither violates

due process nor constitutes a denial of equal protection.

The decision of the trial court is affirmed. No costs.