# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL J. IRLA,

      Plaintiff-Appellant,

UNPUBLISHED
December 23, 2014

v

No. 317890
Ingham Circuit Court
LC No. 13-000392-CZ

PUBLIC SCHOOL EMPLOYEES RETIREMENT
SYSTEM,

      Defendant-Appellee.

Before: M. J. KELLY, P.J., and CAVANAGH and METER, JJ.

PER CURIAM.

In this dispute over the forfeiture of retirement benefits, plaintiff, Michael J. Irla, appeals by right the trial court's order denying his motion for summary disposition, granting the motion for summary disposition by defendant, Public School Employees Retirement System (the Retirement System), and dismissing his suit for declaratory and injunctive relief. On appeal, Irla argues the trial court erred when it determined that the forfeiture provision provided under MCL 38.1361(8) does not violate Michigan's constitution. Because we conclude the trial court correctly interpreted and applied Michigan's constitution, we affirm.

## I. BASIC FACTS

Irla worked for the Lamphere School District as a psychologist for more than 30 years. During that time, he earned a pension and was entitled to participate in a medical benefit plan for retirees. In June 2010, he applied for his retirement benefits and retired effective July 1, 2010.

After retiring, Irla applied for part-time work as a school psychologist with Therapy Solutions Unlimited. Therapy Solutions placed Irla as a school psychologist with several schools in the Lamphere district over the course of the 2010 to 2011 school year. Irla later alleged that he worked 271 hours during that time and earned approximately $5,000. Near the end of that school year, Irla investigated working with other prospective employers and learned that his part-time work might be jeopardizing his retirement benefits.

Just a few weeks before Irla's retirement, on May 19, 2010, the governor signed 2010 PA 75, which took immediate effect. That act added MCL 38.1361(8).[1] Under that statute, a retiree will forfeit his or her retirement allowance and health care benefit during any period that he or she performs core services for a reporting unit through a third-party or as an independent contractor:

> Notwithstanding any other provision of this act to the contrary, for a retirant who retires on or after July 1, 2010, who performs core services at a reporting unit as determined by the retirement system, but who is employed by an entity other than the reporting unit or is an independent contractor, the retirant shall forfeit his or her retirement allowance and the retirement system subsidy for health care benefits from the retirement system for as long as the retirant is performing core services at the reporting unit . . . . Upon termination of services at the reporting unit, the retirement allowance and health care benefits shall resume without recalculation.

Irla alleged that he was unaware of this forfeiture provision and did not receive notice of it during the period within which he applied to retire. He stated that he would not have sought employment with Therapy Solutions had he known about it. Irla ended his employment with Therapy Solutions and notified the Office of Retirement Services that he had been working through a third-party as a psychologist in the school district.

In a letter dated October 2011, an office manager with the Retirement System expressed regret that Irla had mistakenly run afoul of the law: "We genuinely regret that Mr. Irla was not aware of the law change and made important life decisions that affected his pension and health care benefits. It is well that he identified the issue and reported it so as to stop any further accrual of debt." Nevertheless, the Retirement System took the position that it had no choice but to demand that Irla repay the more than $34,000 in pension and insurance payments that were paid on his behalf during the period within which he performed core services for a reporting unit.[2] The Retirement System stated that he could pay all or some of the benefits back in a lump sum within 30 days, or he could elect to have the Retirement System actuarially reduce his future pension payments.

---

[1] As written in 2010 PA 75, the subsection at issue was assigned to MCL 38.1361(9). The Legislature later renumbered this subsection, made some minor corrections, and added an exception to the application of the subsection, which is not relevant here. See 2012 PA 464. Because the changes are not material to the dispute on appeal, we have cited to the current version of MCL 38.1361.

[2] A retirant forfeits his or her retirement benefits for only "as long as the retirant is performing core services at the reporting unit . . . ." MCL 38.1361(8). Because the parties have not disputed that Irla performed core services for a reporting unit from October 2010 to June 2011, we need not consider the proper application of this provision.

Irla contested the Retirement System's application of MCL 38.1361 to him in the resulting administrative proceedings; specifically, he argued that the Retirement System could not forfeit his benefits under that statute because the statute's forfeiture provision violated Const 1963, art 9, § 24. He also maintained that the statute improperly interfered with his right to seek the employment of his choice in contravention of Const 1963, art 1, § 17.

In April 2013, Irla sued the Retirement System for declaratory and injunctive relief. He alleged that the Legislature did not have the authority to enact MCL 38.1361(8) because that forfeiture provision impaired or diminished his accrued pension benefit in violation of Const 1963, art 9, § 24. In a second count, Irla alleged that the statute violated Michigan's due process clause, Const 1963, art 1, § 17, by arbitrarily and unnecessarily interfering with his right to pursue his profession. Irla asked the trial court to declare that the statute violates both constitutional provisions and, on that basis, further asked it to order the Retirement System to cease any attempt to collect the payments made during the period at issue or to offset the amount from any future payment of benefits.

Both parties moved for summary disposition and the trial court held a hearing on the motions in July 2013. The trial court expressed sympathy for Irla's plight, but determined that the Legislature's decision to enact a forfeiture provision did not violate either constitutional provision. The trial court noted that the statute did not actually prevent Irla from working and did not violate Const 1963, art 9, § 24, because it did not reduce his pension benefit. The court explained that the statute merely created a new condition limiting Irla's ability to collect his pension, which was otherwise undiminished, while working under certain conditions.

In August 2013, the trial court entered an order granting the Retirement System's motion for summary disposition, denying Irla's motion for summary disposition, and dismissing Irla's complaint for declaratory and injunctive relief.

This appeal followed.

II. SUMMARY DISPOSITION

A. STANDARDS OF REVIEW

On appeal, Irla argues that the trial court erred when it determined that MCL 38.1361(8) does not violate Const 1963, art 9, § 24, or Const 1963, art 1, § 17. This Court reviews de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). This Court also reviews de novo a trial court's decision on a challenge to the constitutionality of a statute and whether the trial court properly interpreted and applied a statute. *IME ex rel GE v DBS*, ___ Mich App ___, ___; ___ NW2d ___ (2014).

-3-

## B. ART 9, § 24

Michigan's constitution protects public pension and retirement benefits from diminishment or impairment by the state or its political subdivisions: "The accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation thereof which shall not be diminished or impaired thereby." Const 1963, art 9, § 24.

Our Supreme Court has construed the phrase "accrued financial benefits" to mean "benefits of the type that increase or grow over time—such as a pension payment or retirement allowance that increases in amount along with the number of years of service a public school employee has completed." *Studier v Michigan Pub Sch Employees' Ret Bd*, 472 Mich 642, 654; 698 NW2d 350 (2005). Thus, the health care benefit that an employee might earn through his or her service is not an accrued financial benefit within the meaning of Art 9, § 24. *Id.* Moreover, our Supreme Court has held that, notwithstanding the prohibition against the diminishment or impairment of pension and retirement plans, the state and its political subdivisions may impose conditions on the receipt of benefits so long as the conditions are not "unreasonable" or "subversive of the constitutional protection." *In re Enrolled Senate Bill 1269*, 389 Mich 659, 663-664; 209 NW2d 200 (1973); compare *Ass'n of Prof & Technical Employees v City of Detroit*, 154 Mich App 440, 446-447; 398 NW2d 436 (1986) (determining that the city impaired accrued benefits by unilaterally changing the minimum age of retirement, which deprived employees of a substantial benefit during the lost period and could result in forfeiture of the benefits for those employees who die during the interim); see also *Seitz v Probate Judges Ret Sys*, 189 Mich App 445, 456; 474 NW2d 125 (1991).

The forfeiture provision stated under MCL 38.1361(8) does not unreasonably diminish or impair Irla's accrued pension benefits. The statutory provision did not prevent Irla from retiring and obtaining the full amount of his accrued retirement benefit. The statute also did not prevent him from working for the school district in the same capacity that he did before retiring. Rather, the statute provided that he may not *both* collect his retirement benefit *and* continue to work for the public school system, albeit indirectly. Because indirect employment with a school district after retirement does not involve a benefit that increases or grows over time, it is not an accrued financial benefit for purposes of Const 1963, art 9, § 24. *Studier*, 472 Mich at 654. As such, a restriction on continued employment with a reporting unit after the employee retires does not impair or diminish an accrued benefit. Further, although the statute does prevent a retiree from collecting his or her pension benefit during any period within which the retiree chooses to work indirectly for a public school system, it is the retiree's decision to work in such a capacity that causes the suspension of benefits. Therefore, although reasonable people might differ over the need for the forfeiture provision and the breadth of its penalty,[3] the statute does not amount to

---

[3] The parties did not contest whether the statute is unconstitutional to the extent that it causes a retiree to forfeit a pension benefit in excess of what the retiree earned during the period of the forfeiture. Therefore, that issue is not before us on appeal.

state action to diminish or impair accrued financial benefits in contravention of Const 1963, art 9, § 24.

Irla relies on *Murphy v Wayne Co Emp Ret Bd of Trustees*, 35 Mich App 480; 192 NW2d 568 (1971), for the proposition that the state may not enact laws that forfeit pension benefits on the basis of the retiree's decision to work after retirement. The Court in *Murphy* stated that " '[t]he [L]egislature may add to but not diminish benefits without running afoul of constitutional prohibition against impairment of the obligation of a contract,' " and then concluded—without any substantive analysis—that if the statute at issue were applied retroactively it would unconstitutionally diminish and impair the plaintiff's retirement benefits. *Murphy*, 35 Mich App at 486, quoting *Campbell v Judges' Retirement Bd*, 378 Mich 169, 181-182; 143 NW2d 755 (1966). Because the Court in *Murphy* provided little analysis and relied on a different constitutional provision, we find it unhelpful and decline to follow it. See MCR 7.215(J)(1).

The Legislature did not diminish Irla's accrued pension benefits with the enactment of MCL 38.1361(8)—Irla had the right to collect and could have collected his full accrued benefits during the period at issue. By choosing to work for the school district through a third-party after retiring, Irla triggered the suspension of his own benefits.

The trial court did not err when it determined that the forfeiture provision stated under MCL 38.1361(8) does not violate Const 1963, art 9, § 24.

## C. DUE PROCESS

Irla also argues that MCL 38.1361(8) violates Const 1963, art 1, § 17, by infringing on his right to practice his profession.

Under the due process clause of the Michigan Constitution, Irla has a general right to engage in any business which does not harm the public. *Carolene Products Co v Thomson*, 276 Mich 172, 178; 267 NW 608 (1936). However, Irla's right to work in his chosen field is subject to the state's sovereign police power to preserve the health, safety, morals, and general welfare of the public. *Worthington v City of Kalamazoo*, 71 Mich App 646, 650-651; 248 NW2d 654 (1976). "The test to determine whether legislation enacted pursuant to the police power comports with due process is whether the legislation bears a reasonable relation to a permissible legislative objective." *Stanfield v Dep't of Licensing & Regulation*, 128 Mich App 207, 211; 339 NW2d 876 (1983) (quotation marks and citation omitted). This Court must operate under the presumption that the statute is constitutional. *Id.* "[I]f the relation between the statute and the public welfare is debatable, the legislative judgment must be accepted." *Carolene*, 276 Mich at 178. Therefore, this Court must uphold MCL 38.1361(8) unless it is "palpably unreasonable" or so arbitrary that it needlessly invades plaintiff's constitutional rights. *Id.*

MCL 38.1361(8) does not actually prevent Irla from working in his chosen profession. Nothing in the statute prevents him from working as a psychologist. Similarly, the statute does not require Irla to obtain additional licensing, does not limit the amount of wages he can demand for his work, and it does not limit the locations where he may practice; it does not even prevent him from working as a psychologist for the public school district. Irla can begin practicing as a psychologist at any school in the state, public or private, whenever he chooses to do so. MCL

38.1361(8) merely limits his ability to collect pension benefits as a public school retiree while simultaneously continuing to work in a public school.

Irla has also failed to demonstrate that MCL 38.1361(8) amounts to an arbitrary exercise of the state's police power. The Retirement System funds its plans through employee and employer contributions. See MCL 38.1341 *et seq*. It does not, however, obtain contributions from independent contractors. The Retirement System also established that some employees will defer retirement in order to earn more income and thus, pay into the system longer. The Retirement System provided an affidavit in support of its motion for summary disposition wherein an actuary averred that the system's funding is undermined when employees are allowed to retire, begin collecting retirement benefits, and then return to work:

> 7. . . . [I]f individuals are allowed to retire from service, but then come back and perform public school service and still receive full retirement benefits, it could incentivize people to retire sooner than projected and accelerate retirement rate.

> 8. Also, if individuals are allowed to retire, begin receiving retirement benefits, and then return to reporting units to provide public school service without any corresponding employer contributions, it could be detrimental to the Retirement System because it would decrease the aggregate employer payroll, and therefore, decrease the amount of employer contributions and Retirement System funding.

Because MCL 38.1361(8) is rationally related to the state's interest in ensuring that the retirement system remains properly funded, it does not violate Const 1963, art 1, § 17. *Stanfield*, 128 Mich App at 211.

## III. CONCLUSION

We wish to emphasize that we have decided this case on the facts and law properly before this Court. This appeal is from the trial court's dismissal of Irla's complaint seeking a declaration that MCL 38.1361(8) is unconstitutional; it does not involve an appeal of the circuit court's decision on appeal from the administrative proceeding. So whether the Retirement Service correctly calculated the amount to be repaid or had the discretion to waive repayment— or at the very least waive the interest—are issues that are not before this Court.

This case is also not about whether the Retirement Service could constitutionally enforce the forfeiture provision without providing Irla with better notice. It is axiomatic that everyone is presumed to know the law. *Mudge v Macomb County*, 458 Mich 87, 109 n 22; 580 NW2d 845 (1998); *Atkins v Parker*, 472 US 115, 131; 105 S Ct 2520; 86 L Ed 2d 81 (1985). And, in any event, the Retirement System did provide Irla with some notice before he resumed working. In a July 2010 letter, the Retirement System warned him that if he planned "to work after retirement, [his] pension may be affected" and referred him to an enclosed pamphlet. In that pamphlet, the Retirement Service warned that he might forfeit his pension if he worked for the schools: "If you perform any core services for a Michigan public school (including any charter school), and are employed by an entity other than the Michigan public school, or as an independent contractor, you will immediately forfeit your pension and retiree health care subsidy until the employment ceases."

Nevertheless, if this case were about the equities of enforcing the forfeiture provision at issue against Irla, one might readily conclude that he should prevail. Irla earned his pension with decades of public service and, although the Legislature may have had a rational reason for enacting a forfeiture provision, its application in this case is draconian; Irla forfeited more than $34,000 in benefits for supplementing his income by the rather modest sum of $5,000. (One might wonder if the Retirement Service would take the same position if Irla earned only $1,000 during the relevant time, or $100, or even $1.) Moreover, the fact that Irla himself caught the error and reported it to the Retirement Service seems to militate against strict enforcement. But it is not this Court's role to question the wisdom of the statute or to manage its enforcement; our role is limited: we must determine whether the Legislature's enactment violated our constitution. As we have explained, it did not. Consequently, we must affirm.

The trial court correctly determined that MCL 38.1361(8) does not violate Const 1963, art 9, § 24, or Const 1963, art 1, § 17.

Affirmed. There being an important question of public concern, we order that neither of the parties may tax their costs. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter

-7-