[Civ. No. 9332.   Third Dist.   Jan. 22, 1958.]

LAKESIDE PARK ASSOCIATION (a Nonprofit Corporation), Appellant, v. JAMES W. SWEENEY, as County Recorder, etc., Respondent.

*Assigned by Chairman of Judicial Council.

H. D. Jerrett for Appellant.

Jack R. Winkler, District Attorney (El Dorado), and Harold A. Irish for Respondent.

WARNE, J. pro tem.*—In 1909, Arthur Marion Hill and Katherine Smith Hill were the owners of certain real property known as Lakeside Park, situated on the shores of Lake Tahoe in El Dorado County. In 1909, a portion of the property was surveyed for the purpose of subdividing the property. A map of the survey was presented to the Board of Supervisors of El Dorado County for approval and filing in the public records of the county. The map was approved by the board of supervisors and filed in the county recorder's office.

On May 15, 1910, the county courthouse was destroyed by fire and the records contained therein were destroyed, including the map of Lakeside Park. In 1912, another map, certified to be a full, complete and exact copy of the original, was made by the surveyor who made the original survey and was filed in the office of the county recorder to replace the destroyed map.

In November, 1956, appellant Lakeside Park Association filed a second amended petition for the purpose of having an alleged true and correct copy of the original map filed for record in place of the one destroyed. The action was brought pursuant to the provisions of section 1855b of the Code of Civil Procedure, which provides in part:

---

*Assigned by Chairman of Judicial Council.

"When any map which has been recorded in the office of any County is . . . destroyed . . . any person interested may file in the superior court of the county in which the map was originally filed or recorded a verified petition in writing alleging that such map has been . . . destroyed . . . and that the petitioner has a true and correct copy of the original map which he offers for record in the place of the original map."

This section provides for service on the county recorder of a copy of the petition with a copy of the alleged true copy offered for record, and also provides:

". . . At the time set for hearing the court shall take evidence for and against the petition, and if it appears to the court from the evidence presented that the copy of the map submitted is a true copy of the original map, it shall decree that such copy is a true copy of the original map, and order the copy placed of record . . . in the place of the original map."

An answer to the petition was filed by the county recorder in which it was denied that the copy of the map offered by the petitioner was a true copy of the original map. After a hearing the trial court determined that the map offered was not a true copy of the original map of Lakeside Park Estates originally recorded in 1909 and destroyed by fire in 1910, and denied the petition. Petitioner appeals from the judgment.

Appellant first contends that the findings are contrary to the evidence. There is no record of the oral proceedings or any part thereof. The record on appeal here consists only of the clerk's transcript which contains the judgment roll and copies of some of the documents in evidence. Therefore, in disposing of appellant's contention this appeal must be treated as one on the judgment roll. On such an appeal the question of the sufficiency of the evidence to support the findings is not open. (*Estate of Larson*, 92 Cal.App.2d 267 [206 P.2d 852].) Further, as stated in *White* v. *Jones*, 136 Cal.App.2d 567, 569 [288 P.2d 913]:

"The judgment here can only be attacked for errors which affirmatively appear upon the face of the judgment roll. Appellant cannot broaden the scope of this court's inquiry by incorporating in the clerk's transcript the documentary evidence received in the court below. (*Hunt* v. *Plavsa*, 103 Cal.App.2d 222 [229 P.2d 482]; *Palpar, Inc.* v. *Thayer*, 83 Cal.App.2d 809 [189 P.2d 752]; *Utz* v. *Aureguy*, 109 Cal. App.2d 803 [241 P.2d 639]; *Glogau* v. *Hagan*, 107 Cal.App.2d 313 [237 P.2d 329].)

■ "On an appeal based on a record such as we have here, we must presume that in the oral proceedings there was substantial evidence to support the findings."

■ Appellant next contends that the court improperly permitted the county recorder to appear by answer as an exceptant. There is no merit in this contention since there is nothing in the pleadings or the judgment roll showing that appellant challenged the authority of the county recorder to appear as an exceptant. Notwithstanding, it seems clear to us that the county recorder is a proper party to such proceedings since he is the only person required by the statute to be served with a copy of the petition and "a copy of the true copy offered for record." At least the statute contemplates that the county recorder is a real party in interest in any action brought pursuant to the provisions of section 1855b of the Code of Civil Procedure.

Appellant next contends that the trial court erred in allowing the substitute map which was on file in the county recorder's office to be admitted as an exhibit in the case. What we have already said with respect to the record in this case and the power of this court to consider points raised on appeal under such circumstances applies with equal force to this contention. ■ The general rule is that alleged error in the admission of evidence cannot be considered on appeal unless enough of the matters relating thereto are presented by the record. This case is not an exception to the general rule.

There is no merit whatsoever in appellant's final contention that the judgment is void.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.