[Civ. No. 30027.  Second Dist., Div. Four.  July 6, 1966.]

Estate of JOSEPH JOHN MILLER, Deceased.  FAY V. MILLER, Petitioner and Respondent, v. RONALD R. MILLER, as Executor, etc., Objector and Appellant.

Floyd H. King for Objector and Appellant.

F. Lawrence Plotkin for Petitioner and Respondent.

BISHOP, J. pro tem.*— The executor in this proceeding has appealed from the order awarding to the widow of the deceased a family allowance of $200 per month for a limited period. He had opposed granting her petition on three grounds: (1) that she had been gainfully employed and was still capable of pursuing gainful employment; (2) that she

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

had intentionally prevented the executor from marshaling the assets of the estate and was withholding the remaining assets of the estate; and (3) that, as he had only recently "learned," the petitioning widow and the deceased had entered into a property settlement agreement the effect of which was to waive any right she might have to a family allowance from his estate. Now, on the appeal, the parties center their arguments on the proposition last mentioned, except as, in answering an argument of the executor, respondent notes that this appeal is on the clerk's transcript, and "As such, it must be treated as one on the judgment roll. (*Lakeside Park Assn.* v. *Sweeney,* 157 Cal.App.2d 101 [320 P.2d 513])" and "On such appeal, only those facts appearing in the findings will be considered, and sufficiency of the evidence to support findings is not open. (*Estate of Larson,* 92 Cal.App.2d 267 [206 P.2d 852].)"

We are affirming the order appealed from, for we are persuaded that even if the position taken by the executor-appellant may have merit, the record he has brought to us does not disclose it. Section 680 of the Probate Code declares that a widow is entitled to such reasonable allowance out of the estate of her deceased husband as shall be necessary for her maintenance. The trial court granted an allowance, and if it erred in so doing, it was incumbent on the appealing executor to reveal the error.

Essential of course to the defense that the petitioning widow was estopped by the written agreement from claiming a family allowance, was proof of the terms of the agreement. We are quite aware of the fact that at the hearing before the trial court the agreement was introduced into evidence, and, by request of the appellant, a copy of it was included in the clerk's transcript on appeal, and so, is now, physically, available to us. All this is authorized by subdivision (d) of rule 5, Rules on Appeal* for the Supreme Court and District Courts of Appeal, effective January 1, 1961. It is clear, however, from the conclusions expressed and the many cases reviewed, in *Williams* v. *Inglewood Board of Realtors, Inc.* (1963) 219 Cal. App.2d 479, 481-482 [33 Cal.Rptr. 289, 290-291], that the circumstances related above do not change the result: the lack of a reporter's transcript of the evidence and of any other form of a record giving us the evidence taken at the trial, is not compensated for by the presence, in the clerk's transcript, of an exhibit admitted in evidence, there being silence as to

---

*Cal. Rules of Court, rule 5(d).

the conditions or limitations attending its admission. It may sound illogical to say we have the exhibit before us, on this appeal, but we cannot consider it. But that is established, and the reasons for it developed, in the case last cited.

The order is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.