PEOPLE v POUCHER

(CITY OF ADRIAN v POUCHER)

1. CONSTITUTIONAL LAW—STATUTES—LEGISLATURE—EXERCISE OF PO-
   LICE POWER.

   The primary determination of public need and character of
   remedy in the exercise of the police power of the state is in the
   Legislature, and its statutes must be sustained unless the
   remedy is palpably unreasonable and arbitrary so as to need-
   lessly invade property or personal rights as protected by the
   Constitution.

2. CONSTITUTIONAL LAW—STATUTES—VALIDITY OF STATUTES—RELA-
   TION TO PUBLIC WELFARE.

   A statute is presumed to be constitutional, and, if the relation
   between the statute and the public welfare is debatable, the
   statute must be accepted as valid.

3. CONSTITUTIONAL LAW—ORDINANCES—VALIDITY OF LEGISLATION—
   MOTORCYCLISTS—CRASH HELMETS—UNIFORM TRAFFIC CODE.

   An ordinance which requires motorcyclists to wear crash helmets
   is a constitutionally valid exercise of the police power, and
   should be upheld in the absence of evidence which would
   overcome the presumption that the legislation is valid and
   absent any showing that the legislation affronts any of the
   constitutionally protected rights of a person charged with viola-
   tion of the ordinance (Uniform Traffic Code, § 6.23).

Appeal from Lenawee, Rex B. Martin, J. Submit-
ted December 9, 1975, at Lansing. (Docket No.
23294.) Decided January 27, 1976. Leave to appeal
applied for.

Glenn W. Poucher was cited for not wearing a
crash helmet while operating a motorcycle, in
violation of an ordinance of the City of Adrian.

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law § 281.
[2] 16 Am Jur 2d, Constitutional Law §§ 6, 150.
[3] 16 Am Jur 2d, Constitutional Law § 141.

The district court quashed the summons. On appeal the circuit court affirmed. The city appeals by leave granted. Reversed.

*James E. Sheridan,* Assistant City Attorney, for the people.

*Beardsley, Forsthoefel & Crause,* for defendant.

Before: McGregor, P. J., and T. M. Burns and N. J. Kaufman, JJ.

Per Curiam. On June 14, 1974, defendant was cited by the Adrian City Police Department for not wearing a crash helmet while operating a motorcycle, a violation of a city ordinance. Defendant moved to quash the summons on the grounds that the ordinance is unconstitutional. The trial court held the ordinance unconstitutional basing its decision on our opinion in *American Motorcycle Association v Department of State Police,* 11 Mich App 351; 158 NW2d 72 (1968).

On January 23, 1975, the circuit court for the County of Lenawee affirmed the district court. We granted leave to appeal on May 13, 1975.

The ordinance in question, § 6.23 of the Uniform Traffic Code, reads as follows:

"A person operating or riding on a motorcycle or motor driven cycle shall wear a crash helmet approved by the department of state police."

The only issue raised on this appeal is whether the above ordinance is constitutional.

In *American Motorcycle Association v Department of State Police, supra,* we held that a similar state statute was unconstitutional. This appeal

challenges the validity of that decision. We held that the interest of the state in highway safety and in keeping its citizens healthy and self-supporting does not extend to requiring motorcyclists and their riders to wear crash helmets. The basis of that holding was that there is no real and substantial relationship between the statute and the protection of the public health, safety, morals or general welfare.

The controversy in this case centers around the proper exercise of the police power by the Legislature and the test of the legitimacy of an exercise of the police power. The city primarily argues that it is the Legislature's and not the court's function to determine what measures are proper subjects of the police power and that police regulations must be sustained unless so unreasonable and arbitrary as to invade fundamental constitutional rights. The city also asserts that the operation of a motor vehicle on the public highways is a privilege not a right, and that the Legislature's regulation of highway use is a proper exercise of the police power.

The defendant argues that it is not a proper function of the police power to protect the individual from his own acts; an individual is free to act according to his own notions of self-interest provided that what he does has no ill effect upon his fellow man. Defendant asserts that before the state can regulate individual conduct, it must demonstrate that such regulation is conducive to the public health, safety, morals or general welfare.

In reconsidering the issue raised by this appeal, we note that there is no paucity of authority on the subject. Courts in 29 states have held that legislation requiring the wearing of helmets by

motorcyclists is constitutional.[1] Several Federal courts have done the same, the United States Supreme Court affirming one such decision in *Simon v Sargent,* 409 US 1020; 93 S Ct 463; 34 L Ed 2d 312 (1972). It appears that only one other state court has agreed with our holding in *American Motorcycle Association, supra; People v Fries,* 42 Ill 2d 446; 250 NE2d 149 (1969).

In the instant case, the decisions of the courts below finding the ordinance in question unconstitutional were based solely upon the authority of *American Motorcycle Association.* Accordingly, we reexamine that decision to determine its validity.

The decision in *American Motorcycle Association, supra,* was based primarily upon a finding that the statute requiring motorcyclists to wear crash helmets was not a proper exercise of the police power. We failed to note, however, the proper test of legitimacy of the Legislature's exercise of the police power:

"The primary determination of public need and character of remedy in the exercise of the police power is in the legislature, and its statutes must be sustained unless the remedy is palpably unreasonable and arbitrary so as needlessly to invade property or personal rights as protected by the Constitution. *Carolene Products Co v Thomson, supra* [276 Mich 172; 267 NW 608 (1936)].

"The presumption of the constitutionality of a statute favors validity and, if the relation between the statute and the public welfare is debatable, the legislative judgment must be accepted. *Kelley v Judge of Recorder's Court of Detroit,* 239 Mich 204 [214 NW 316 (1927)]." *Grocers Dairy Co v Department of Agriculture Director,* 377 Mich 71, 76; 138 NW2d 767, 770 (1966).[2]

---

[1] *See* Annot., 32 ALR 3d 1270 (1970).

[2] *See also, Cady v Detroit,* 289 Mich 499, 505; 286 NW 805, 807 (1939), *Roman Catholic Archbishop of Detroit v Village of Orchard Lake,* 333 Mich 389, 392; 53 NW2d 308, 309 (1952).

In neither *American Motorcycle Association, supra,* apparently, nor the instant case, was evidence presented by the parties challenging the validity of the legislation to overcome the presumption of validity. Nor is there any showing that the legislation affronted any of the party's constitutionally protected rights. See *Shelton v Tucker,* 364 US 479; 81 S Ct 247; 5 L Ed 2d 231 (1960).

We are not persuaded that the "right to be let alone", at least in this case, or the fact that the legislation tends to protect particular individuals from their own folly warrants the conclusion that the measure is not a valid exercise of the police power. Nor can we say that a measure which seeks to protect a large number of individuals does not advance the health, safety or general welfare of the public in general. *Cf. Bisenius v Karns,* 42 Wis 2d 42; 165 NW2d 377 (1969).

We are convinced that the reasoning of this Court in *American Motorcycle Association v Department of State Police, supra,* was incorrect and decline to follow it.

The ordinance requiring motorcyclists to wear crash helmets is constitutionally valid. The judgment of the circuit court is reversed. No costs, a public question being involved.