Opinion
REESE, P. J.
Defendant Terri Lynn Thomas appeals from the judgment of conviction for violation of Vehicle Code section 27360, subdivision (a) (failure to secure child passenger in a seat restraint system).
The settled statement sets out the trial proceedings as follows: “Officer Nestor testified that she cited Defendant for violation of Vehicle Code Section 27360(a) because Defendant had failed to restrain her two (2) children (one age 2-1/2 and the other under 40 pounds) in seat restraints while transporting them in her vehicle. Defendant admitted that her two children were not restrained in child seats, but defended on the basis that Vehicle Code Section 27360 was an unconstitutional interference with her fundamental rights of family privacy and parental autonomy. Defendant’s subsequent offer of proof that she had obtained passenger seat restraint systems for the use of her two (2) children was refused by the Court.”[1]
Defendant’s sole contention on appeal is that Vehicle Code section 27360, subdivision (a), is an “unconstitutional interference with the fundamental *Supp. 21 right of family privacy and parental autonomy.” Defendant argues that there is no compelling state interest for the statute and even if there is such an interest, a more narrowly drawn statute would have satisfied that interest. We reject defendant’s contention.
Article 3.3 of the Vehicle Code sets out various child passenger restraint requirements. Vehicle Code section 27360, subdivision (a), comes under this article. This statute states: “(a) It is unlawful for the parent or legal guardian, when present in a passenger vehicle or motor truck of less than 6,001 pounds unladen weight which is owned by him or her and registered in this state, to permit his or her child or ward under the age of four years or weighing less than 40 pounds to be transported upon a highway in the motor vehicle without providing and properly using, for each such child or ward, a child passenger seat restraint system meeting applicable federal motor vehicle safety standards.” The legislative intent in enacting article 3.3 is set out in Vehicle Code section 27364 as follows: “It is the intent of the Legislature, in enacting this article, to insure that children, who are, because of their tender years, helpless dependent passengers, are provided with the safest transportation possible. Nothing in this article shall be construed to extend application of these provisions to a class of children other than the class of children herein specified.”
The first issue to be resolved in determining whether the statute is constitutional is whether the statute impinges on a fundamental right of defendant. If it does, then under the “strict scrutiny” standard the state would have to have a compelling interest to enact the statute. The court in Paris Adult Theatre I v. Slaton (1973) 413 U.S. 49, 65 [37 L.Ed.2d 446, 462, 93 S.Ct. 2628], stated: “Our prior decisions recognizing a right to privacy guaranteed by the Fourteenth Amendment included ‘only personal rights that can be deemed “fundamental” or “implicit in the concept of ordered liberty.’ Palko v. Connecticut, 302 US 319, 325 [82 L.Ed.288, 58 S.Ct (1937), Roe v. Wade 410 US 113, 152, 35 L.Ed.2d 147, 93 S.Ct. 705 (1973). This privacy right encompasses and protects the personal intimacies of the home, the family, marriage, motherhood, procreation, and child rearing.” The court in In re Marriage of Mentry (1983) 142 Cal.App.3d 260, 266 [190 Cal.Rptr. 843], stated: “Murga, Felton and most of the cases they rely upon reflect a salutary judicial disinclination to interfere with family privacy without the evidentiary establishment of compelling need. (See also In re Carmaleta B. (1978) 21 Cal.3d 482, 489, 495-496 [146 Cal.Rptr. 623, 579 P.2d 514] and cases there cited.)”
The statute in question does not infringe on defendant’s fundamental right to family privacy. This right is directed to the “integrity of the family unit” (Mentry, supra, 142 Cal.App.3d at p. 267, fn. 6) which is *Supp. 22 at stake when the state attempts to regulate the custody, care and nurturing of a child. “7As we noted in In re Marriage of Wellman (1980) 104 Cal.App.3d 992 [164 Cal.Rptr. 148], ‘the state has no general authority to dictate to parents the manner in which they should rear their children. “[Constitutional interpretation has consistently recognized that the parents’ claim to authority in their own household to direct the rearing of their children is basic in the structure of our society. ‘It is cardinal with us that the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder’” (Ginsberg v. New York (1968) 390 U.S. 629, 639 [20 L.Ed.2d 195, 203-204, 88 S.Ct. 438]’ (Id., at p. 996.) See also Stanley v. Illinois, supra, where the Supreme Court made it plain ‘that the interest of a parent in the companionship, care, custody, and management of his or her children “come[s] to this Court with a momentum for respect lacking when appeal is made to liberties which derive merely from shifting economic arrangements.’” (405 U.S. at p. 651 [31 L.Ed.2d at p. 558], quoting from Kovacs v. Cooper (1949) 336 U.S. 77, 95 [93 L.Ed. 513, 526, 69 S.Ct. 448, 10 A.L.R.2d 608] (conc. opn. of Frankfurter, J.). The California Supreme Court has been equally deferential to the fundamental rights of parents. (See, e.g., In re Carmaleta B., supra, at p. 489 [146 Cal.Rptr. 623, 579 P.2d 514], and In re B.G. (1974) 11 Cal.3d 679, 698-699 [114 Cal.Rptr. 444, 523 P.2d 244].)” (Mentry, supra, 142 Cal.App.3d at p. 268, fn. 7, italics added.) The right to family privacy is “concerned . . . with a protected intimate relationship.” (Paris Adult Theatre I, supra, 413 U.S. at p. 66, fn. 13 [37 L.Ed.2d at p. 462].) If a state regulates an area where there is “no necessary or legitimate expectation of [family] privacy,” then the right is not violated. (Ibid.)
Requiring defendant to ensure that her children use seat restraints does relate to the “care” of the children in the sense that it ensures safe transportation of the children. However, it cannot be said that the ensuring of the children’s safe transportation is the type of “care” encompassed by the fundamental right to family privacy, as this regulation does not affect the integrity of defendant’s family unit. Furthermore, considering the extensive regulation over motor vehicles (Hernandez v. Department of Motor Vehicles (1981) 30 Cal.3d 70, 79, fn. 8 [177 Cal.Rptr. 566, 634 P.2d 917]) it cannot be said that defendant had a necessary or legitimate expectation of family privacy in determining whether to provide safe transportation for her children.
Having determined that a fundamental right to family privacy is not violated by Vehicle Code section 27360, subdivision (a), the second issue which needs to be resolved is whether the statute is reasonably related to its purpose. The court in Hernandez, supra, 30 Cal.3d 70 stated as follows: “On the contrary, as we shall see, past authorities while fully cognizant of *Supp. 23 the practical importance of an individual’s ‘right to drive’—have uniformly recognized that the area of driving is particularly appropriate for extensive legislative regulation, and that the state’s traditionally broad police power authority to enact any measure which reasonably relates to public health or safety operates with full force in this domain.
“[0]ur court—while acknowledging the great importance of driving—at the same time explicitly emphasized that ‘it is . . . well established . . . that usage of the highways is subject to reasonable regulation for the public good. . . . “The use of the public highways by motor vehicles, with its constant dangers, renders the reasonableness and necessity of regulation apparent. . . . Any appropriate means adopted by the states to insure competence and care on the part of its licensees and to protect others using the highway is consonant with due process.” [Citations].’ (Italics added.) (Id., at p. 876.) (See also Watson v. Division of Motor Vehicles (1931) 212 Cal. 279, 283 [298 P. 481]; Hendrick v. Maryland (1915) 235 U.S. 610, 622 [59 L.Ed. 385, 390, 35 S.Ct. 140].)[8]” (Pp. 74, 79.) The required use of seat restraints for child passengers is a reasonable regulation under the police power in the interest of public safety and welfare.
On appeal defendant and the People refer to certain empirical studies relating to the effectiveness of seat restraints. We cannot consider these studies as the record on appeal does not reflect that this evidence was ever presented to the trial court. (People v. Chi Ko Wong (1976) 18 Cal.3d 698, 711-712 [135 Cal.Rptr. 392, 557 P.2d 976].) We also decline to consider as urged by defendant whether the statute could have been more narrowly drawn to satisfy the state’s interest in a child’s safe transportation. “As our court explained in Wilke & Holzheiser, Inc. v. Dept. of Alcoholic Bev. Control (1966) 65 Cal.2d 349, 359 [55 Cal.Rptr. 23, 420 P.2d 735]: ‘In passing upon [a substantive due process challenge to a legislative police power measure], we exercise an extraordinary power over a coordinate branch of government and perform a correspondingly narrow function: we simply determine whether the statute reasonably relates to a legitimate governmental purpose. . . . “ ‘The doctrine . . . that due process authorizes courts to hold laws unconstitutional when they believe the legislature has acted unwisely . . . has long since been discarded. . (Italics added.) *Supp. 24 We reaffirmed this fundamental constitutional principle in our recent decision in Hale v. Morgan (1978) 22 Cal.3d 388, 398 [149 Cal.Rptr. 375, 584 P.2d 512], emphasizing that ‘[i]n the exercise of its police power a Legislature does not violate due process so long as an enactment is . . . reasonably related to a proper legislative goal. The wisdom of the legislation is not at issue in analyzing its constitutionality, and neither the availability of less drastic remedial alternatives nor the legislative failure to resolve all related ills at once will invalidate a statute.’ (Italics added.) (See also Cory v. Shierloh (1981) 29 Cal.3d 430, 438 [174 Cal.Rptr. 500, 629 P.2d 8].)” (Hernandez, supra, 30 Cal.3d, at p. 78.)
The plaintiff in Hernandez argued that the restriction on examining the availability of less drastic remedial alternatives does not apply when fundamental constitutional rights are involved. The court rejected the argument as it found that no fundamental right was involved. Similarly, in the instant case, as no fundamental right is involved, we decline to examine whether a more narrowly drawn statute should have been enacted.
The judgment is affirmed.
Bernstein, J., and Cooperman, J., concurred.

Defendant has referred to facts which are not in the record on appeal. We cannot consider such facts as they are outside that record. (People v. Merriam (1967) 66 Cal.2d 390, 397 [58 Cal.Rptr. 1, 426 P.2d 161]; People v. Jablon (1958) 165 Cal.App.2d 348, 350 [331 P.2d 772].)

“In Watson, our court stated: ‘The legislative power to regulate travel over the highways and thoroughfares of the state for the general welfare is extensive. It may be exercised in any reasonable manner to conserve the safety of travelers and pedestrians. Since motor vehicles are instruments of potential danger, their registration and the licensing of their operators have been required almost from their first appearance. The right to operate them in public places is not a natural and unrestrained right, but a privilege subject to reasonable regulation, under the police power, in the interest of the public safety and welfare. [Citation.] The power to license imports the further power to withhold or to revoke such license upon noncompliance with prescribed conditions.’ (212 Cal. at p. 283.)”