Opinion
STEVENS, P. J.
Appellant was cited for violating Vehicle Code section 27315 (failure to wear a seat belt). After a trial by court, he was convicted and ordered to pay a fine of $15. He appeals.
*Supp. 3 Appellant raises two arguments: 1) that there was insufficient evidence to support a finding of guilt and 2) that the mandatory seat belt law is unconstitutional.
Sufficiency of the Evidence
We first address the issue of the sufficiency of the evidence. When a finding of fact is attacked on grounds that it is not supported by substantial evidence, the power of an appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the findings. The reviewing court looks to the evidence supporting the successful party and must disregard any contrary showing. (In re Cheryl E. (1984) 161 Cal.App.3d 587, 598 [207 Cal.Rptr. 728].)
The evidence in the record shows that the officer who issued the citation testified that he will only cite a person for not wearing a seat belt if he actually sees the person not wearing a seat belt. Appellant in his own testimony vowed that he will never wear a seat belt. At trial he recounted a tragic experience of a friend of his who saw his wife burned to death in an automobile accident because she was unable to free herself from a seat belt. Appellant expressly testified that it should be his “constitutional right” to go through a windshield if he wishes rather than to wear a seat belt.
Given the inferences which could reasonably be deduced from that testimony we are without the power to substitute our deductions (assuming they would be any different) for those of the trial court. All the evidence most favorable to the respondent must be accepted as true, and that unfavorable discarded as not having sufficient verity to be accepted by the trier of fact. So viewed, the evidence is sufficient as a matter of law. (In re Cheryl E., supra, 161 Cal.App.3d 587, 598.) There is substantial evidence to support the conviction.
Constitutionality
The thrust of appellant’s constitutional attack is that the mandatory seat belt law infringes on his right to privacy. We have found no California case which has interpreted Vehicle Code section 27315. We do note that an analogous law, California’s child restraint statute (Veh. Code, § 27360, subd. (a)) has withstood a constitutional attack similar in nature to the one appellant makes in this case. In People v. Thomas (1984) 159 Cal.App.3d Supp. 18 [206 Cal.Rptr. 84], the defendant argued that no compelling state interest justified the enactment of that statute and even if there were such an interest, a more narrowly drawn law would have satisfied it. (Id. at p. 21.) *Supp. 4 The court held that the statute did not impinge on any fundamental right of the defendant and therefore was not subject to the “strict scrutiny” standard necessary to invoke a compelling interest of the state to enact the statute. (Ibid.) The court also found that the required use of seat restraints for child passengers is a reasonable safety regulation under the state’s police power in the interest of public safety and welfare. (Id. at p. 23.)
We note that New York has a mandatory seat belt law which was recently the subject of a constitutional attack on the grounds that it exceeded the state’s police power and violated the right to privacy. In Wells v. State (1985) 130 Misc.2d 113 [495 N.Y.S.2d 591] it was argued that the seat belt law deprived plaintiff of “his. right to make an intelligent decision which pertains solely to his person and his personal safety.” (495 N.Y.S.2d at p. 594.) In dismissing that argument, the New York court noted that the United States Supreme Court has rejected the concept that the individual is not accountable to society for his actions insofar as those acts affect no person other than himself. (Ibid., citing Paris Adult Theatre I v. Slaton (1973) 413 U.S. 49, 68, fns. 14, 15 [37 L.Ed.2d 446, 463-464, 93 S.Ct. 2628] [wherein it was noted that such a concept would prevent prosecution for suicide; bigamy, obscenity and gambling, among other offenses].)
An appropriate test for any legislation which mandates public conduct and restricts individual choice should measure a statute in light of its reasonable and rational relationship to the purpose for which the law was enacted. (495 N.Y.S.2d at p.595 and see People v. Thomas, supra, 159 Cal.App.3d Supp. 18, 22.) The wisdom of legislation is not an issue in analyzing its constitutionality. (159 Cal.App.3d Supp. at p. 24.) We, like the New York court and the court in Thomas, supra, conclude that the state has a compelling interest in saving lives and promoting the welfare of its citizens. (495 N.Y.S.2d at p. 596.) We hold that California’s mandatory seat belt law serves that purpose and hence it is constitutional.
The judgment is affirmed.
McMahon, J., and St. John, J., concurred.