Opinion
KRIEGER, J.
Appellant, William Bryan Elkins, appeals from the judgment of conviction of violating Vehicle Code[1] section 27803, subdivision (b) (failure to wear a safety helmet meeting certain requirements, while riding a motorcycle). Appellant raises numerous constitutional challenges to the validity of section 27803, subdivision (b).
*Supp. 4 This appeal is on a clerk’s transcript, and there is no settled statement. Therefore, we briefly set forth the facts which appear on the citation given to appellant. The citation was for driving a motorcycle without an approved helmet in violation of section 27803, subdivision (b). The offense occurred on January 15, 1992, while appellant was driving at approximately 10 miles per hour in heavy traffic.
As noted, this appeal is taken on a clerk’s transcript. Appellant has not included either a reporter’s transcript or a settled or agreed statement of the oral proceedings at trial. (Cal. Rules of Court, rules 124, 127.) Appellant’s statements in his brief on appeal of what occurred at trial cannot be considered by us, as these facts are outside the record on appeal. (People v. Young (1978) 85 Cal.App.3d 594, 608 [149 Cal.Rptr. 524].) Furthermore, exhibits may not be considered without a record of the testimony given at trial. (Estate of Miller (1966) 243 Cal.App.2d 352, 353-354 [52 Cal.Rptr. 242]; Williams v. Inglewood Board of Realtors (1963) 219 Cal.App.2d 479, 481-482 [33 Cal.Rptr. 289].) On a clerk’s transcript appeal, we must presume that the judgment is valid and that the evidence is sufficient to sustain the judgment. Our review is limited to whether the pleadings are sufficient and whether the statement of decision, if any, supports the judgment. Any reversible error must appear on the face of the record. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, §§ 269, 453-454, pp. 277-279, 445-456, and cases discussed therein; Wheelright v. County of Marin (1970) 2 Cal.3d 448, 454 [85 Cal.Rptr. 809, 467 P.2d 537]; Allen v. Toten (1985) 172 Cal.App.3d 1079, 1082-1083 [218 Cal.Rptr. 725].) Therefore, to the extent that appellant challenges his conviction based upon his purported hearing disability, there are no facts before this court to support that conclusion. However, the validity of a statute is a question which appears on the face of the record and which we may address.
The appellant’s challenges to the validity of section 27803, subdivision (b) are that it violates due process and equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution[2]; that the law is vague, indefinite and ambiguous; that there is no “rational purpose” to the law; and that it violates the rights reserved by the people in the Ninth Amendment.
Division 12, chapter 5, article 7 of the Vehicle Code sets forth certain provisions pertaining to motorcycles. Section 27803, subdivision (b) reads: “(b) It is unlawful to operate a motorcycle, motor-driven cycle, or motorized *Supp. 5 bicycle if the driver or any passenger is not wearing a safety helmet as required by subdivision (a).” Subdivision (a) of section 27803 requires that “A driver and any passenger shall wear a safety helmet meeting requirements established pursuant to Section 27802 when riding on a motorcycle . . . Section 27802 authorizes the department to establish standards for safety helmets. Subdivision (f) of section 27803 provides: “In enacting this section, it is the intent of the Legislature to ensure that all persons are provided with an additional safety benefit while operating or riding a motorcycle, motor-driven cycle, or motorized bicycle.”
In reviewing the validity of legislation such as this, our Supreme Court has set forth the appropriate test. “ ‘In passing upon [a substantive due process challenge to a legislative police power measure], we exercise an extraordinary power over a coordinate branch of government and perform a corresponding narrow function: we simply determine whether the statute reasonably relates to a legitimate governmental purpose . . . . “ ‘The doctrine . . . that due process authorizes courts to hold laws unconstitutional when they believe the legislature has acted unwisely . . . has long since been discarded
“We reaffirmed this fundamental constitutional principle in our recent decision in Hale v. Morgan (1978) 22 Cal.3d 388, 398 [149 Cal.Rptr. 375, 584 P.2d 512], emphasizing that ‘[i]n the exercise of its police power a Legislature does not violate due process so long as an enactment is . . . reasonably related to a proper legislative goal. The wisdom of the legislation is not at issue in analyzing its constitutionality, and neither the availability of less drastic remedial alternatives nor the legislative failure to resolve all related ills at once will invalidate a statute.’ ” (Hernandez v. Department of Motor Vehicles (1981) 30 Cal.3d 70, 78 [177 Cal.Rptr. 566, 634 P.2d 917], italics in original.) Under this standard we cannot say that the legislative determination that the mandatory helmet law will protect motorcyclists is not reasonable. Therefore, there is no due process violation.
Appellant argues that his right to choose to wear a helmet or not is a question of his freedom to determine his own degree of safety. This is apparently based upon reserved rights of the people under the Ninth Amendment. Such an argument was rejected with respect to the requirement of mandatory seatbelts in section 27315. (People v. Coyle (1988) 204 Cal.App.3d Supp. 1, 4 [251 Cal.Rptr. 80].) As the Michigan Court of Appeals stated in upholding a similar helmet law, “We are not persuaded that the ‘right to be let alone’, at least in this case, or the fact that the legislation tends to protect particular individuals from their own folly warrants the conclusion that the measure is not a valid exercise of the police *Supp. 6 power. Nor can we say that a measure which seeks to protect a large number of individuals does not advance the health, safety or genreal welfare of the public in general.” (People of City of Adrian v. Poucher (1976) 67 Mich.App. 133 [240 N.W.2d 298, 300] affd. (1976) 247 N.W.2d 798.)[3]
Appellant next challenges the mandatory helmet law on equal protection grounds. This challenge must fail also. As pointed out above, our Supreme Court has stated that the failure of the Legislature to correct all related problems at once does not invalidate a statute. (Hernandez v. Department of Motor Vehicles, supra, 30 Cal.3d 70.) “When a legislative classification is questioned, if any state of facts reasonably can be conceived that would sustain it, there is a presumption of existence of that state of facts, and the burden of showing arbitrary action rests upon the one who assails the classification, [Citations.]” (People v. Western Fruit Growers (1943) 22 Cal.2d 494, 507 [140 P.2d 13].) Further, it has long been held in this state that the application of different laws to different types of vehicles does not violate the equal protection provisions. (In re Cardinal (1915) 170 Cal. 519, 521 [150 P. 348].) The classification of motorcylcist is not arbitrary and does not violate the equal protection clause of eitiier the California or federal Constitutions. (See Simon v. Sargent (D.Mass. 1972) 346 F.Supp. 277.)
Appellant also appears to be arguing that in some way 23 United States Code section 402(c)[4] prohibits a state from enacting a mandatory helmet law. However, by its very nature this law only provides that the Secretary of Transportation cannot mandate the adoption by the states of a mandatory helmet law; it does not prohibit the states on their own from adopting such a law.[5] Therefore, this federal law is irrelevant to the consideration of this case.
We have previously held that the use of seat restraints for child passengers in automobiles is reasonable. (People v. Thomas (1984) 159 Cal.App.3d Supp. 18 [206 Cal.Rptr. 84].) We now hold that the required use of approved safety helmets by drivers and passengers of motorcycles is a reasonable regulation under the police power in the interest of public safety and welfare.
*Supp. 7 The judgment is affirmed.
Roberson, P. J„ and Johnson, J., concurred.

All further references are to the Vehicle Code unless otherwise indicated.

We refer to the amendments to the United States Constitution here. The appellant had also referred in his brief to the corresponding sections of the Constitution of the State of California. For purposes of this discussion any differences are not relevant.

We note that along with Michigan, at least 33 other states have upheld mandatory helmet laws. As in Michigan, earlier cases in Illinois which found such laws invalid have subsequently been overruled. (See Annot. (1970) 32 A.L.R.3d 1270.)

 23 United States Code section 402(c) in relevant portion reads: “a highway safety program approved by the Secretary shall not include any requirement that a State implement such a program by adopting or enforcing any law . . . requiring any motorcycle operator eighteen years of age or older ... to wear a safety helmet . . . .”

Appellant also requests this court to consider the validity of United States Public Law No. 102-240 (105 Stat. 1914 (Dec. 18, 1991)). However, appellant was not charged with a violation of that law, and more importantly, as appellant concedes, it is not effective until 1993.