Filed 6/29/23  P. v. Nunez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JORGE NUNEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B324488<br>(Super. Ct. No. TA084751)<br>(Los Angeles County) |

      Jorge Nunez appeals the denial of his petition for resentencing.  (Pen. Code, § 1172.6.)[1]  We appointed counsel for Nunez for this appeal.  Counsel was unable to find any arguable issues to brief and she filed an opening brief under *People v. Delgadillo* (2022) 14 Cal.5th 216.)  Nunez filed a supplemental brief.  We conclude, among other things, that Nunez has not shown the trial court erred by denying his petition.  We affirm.

      A jury convicted Nunez of three counts of attempted murder, two counts of discharging a firearm at an occupied motor

---

[1] All statutory references are to the Penal Code.

vehicle, and one count of discharging a firearm at an inhabited dwelling. (§§ 187, subd. (a), 664, 246.) The jury also found that "a principal personally and intentionally discharged a firearm" during an incident on Nord Street on May 7, 2006; that Nunez personally discharged a firearm during an incident on Stockwell Street on January 29, 2006; and that "the criminal offenses were committed to benefit a criminal street gang." (§§ 12022.53, subds. (b), (c) & (d), 186.22, subd. (b)(1)(C).) The trial court sentenced Nunez to a prison term of 170 years to life.

In 2011, we affirmed his convictions. (*People v. Nunez* (Mar. 2, 2011, B213646) [nonpub. opn.].) We concluded, among other things, that 1) Nunez "admitted involvement in the Stockwell Street and Nord Street incidents" to the police on June 1, 2006; 2) his confession to police was properly admitted at trial; 3) he did not show ineffective assistance of counsel; and 4) sufficient evidence supported the judgment. (*Ibid.*)

Nunez contends the trial court erred by denying his resentencing petition because his trial counsel at his criminal trial was ineffective for not requesting separate trials for the January 29 and May 7, 2006, incidents. But Nunez has failed to cite to the record to support the factual basis for this claim. (*People v. Young* (1978) 85 Cal.App.3d 594, 608.) But, even so, he raised this same claim in his prior appeal and we rejected it. We said, "We reject Nunez's contentions of ineffective assistance of counsel because he has not demonstrated prejudice. [A] motion to sever the counts would have been futile; the counts were of same nature (attempted murders and discharging a firearm at occupied vehicles and residences) and involved the same Jeep Cherokee." (*People v. Nunez, supra*, B213646.)

2

Nunez contends his intent was innocent and he lacked the required intent to commit attempted murder.  But he does not cite to the record to support this claim.  "Appellant's statements in his brief on appeal of what occurred at trial cannot be considered by us, as these facts are outside the record on appeal." (*People v. Elkins* (1992) 12 Cal.App.4th Supp. 1, 4; see also *People v. Young, supra*, 85 Cal.App.3d at p. 608.)

Moreover, the jury rejected Nunez's claim of alleged innocent intent.  It found Nunez's attempted murder counts were "committed willfully, deliberately and with premeditation."  In their opposition to his petition for resentencing, the People said, "The judge instructed the jurors on attempted murder.  Those instructions included an explanation that in order to be convicted of attempted murder the defendant must have 'intended to kill.'  The phrase 'willful, deliberate and premeditate' was also defined."

Nunez contends his sentence of 170 years to life is "cruel and unusual punishment."  But California courts have repeatedly rejected this claim.  (*People v. Abundio* (2013) 221 Cal.App.4th 1211, 1220-1221: *People v. Argeta* (2012) 210 Cal.App.4th 1478, 1482.)

Nunez has failed to show trial court error.

DISPOSTION

The order denying the resentencing petition is affirmed.

NOT TO BE PUBLISHED.


                        GILBERT, P. J.

We concur:


     YEGAN, J.          CODY, J.

Tammy Chung Ryu, Judge

Superior Court County of Los Angeles

_____

Ellen M. Matsumoto, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.