Filed 7/17/23  P. v. Abelar CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

THE PEOPLE,

   Plaintiff and Respondent,

v.

JOSE LUIS ABELAR,

   Defendant and Appellant.

2d Crim. No. B322412
(Super. Ct. No. TA108715)
(Los Angeles County)

Jose Luis Abelar appeals the denial of his petition for resentencing.  (Pen. Code, § 1172.6.)[1]  We appointed counsel for Abelar for this appeal.  Counsel was unable to find any arguable issues to brief and she filed an opening brief under *People v. Delgadillo* (2022) 14 Cal.5th 216.  Abelar filed a supplemental brief.  We conclude, among other things, that Abelar has not shown the trial court erred by denying his petition.  We affirm.

In 2010, a jury convicted Abelar of first degree murder (§ 187, subd. (a)) and attempted murder (§§ 187, subd. (a), 664).

---

[1] All statutory references are to the Penal Code.

The jury found Abelar personally and intentionally used and discharged a firearm causing great bodily injury and death. (§ 12022.53, subd. (b), (c) & (d).) The trial court sentenced him to a term of 75 years to life in prison. (*People v. Sanchez and Abelar* (Mar. 27, 2012, B227067) [nonpub. opn.]. ) On March 27, 2012, we affirmed his conviction. (*Ibid*.)

Abelar filed a petition for resentencing in 2022. The trial court appointed counsel for him. The People filed an opposition stating Abelar "was prosecuted as a perpetrator who acted with actual malice and cannot avail himself of the relief" under the resentencing statute. They said, "[T]he jury was not instructed on felony murder, natural and probable consequences or any other theory under which malice in imputed to a person based solely on that person's participation in a crime." The court held a hearing on the first stage of the resentencing petition.

After taking the matter under submission, the trial court denied his petition. It did not issue an order to show cause. The court found Abelar was not eligible for resentencing because: 1) he "was the actual killer," 2) he was not convicted of murder on "a theory of felony-murder" or a "theory of natural and probable consequences," and 3) his convictions were based "solely on him having been an actual perpetrator who acted with actual malice."

The resentencing statute was enacted to provide relief for certain defendants convicted of murder. But a defendant who committed murder and was the "actual killer" is not eligible for resentencing. (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 57.) Abelar contends that his appellate counsel should be directed to, among other things, brief additional issues. We have reviewed this request and conclude from this record that he has not shown that his appellate counsel was defective in any way.

Abelar contends, among other things, that the trial court erred by denying his petition and it should have issued an order to show cause. But Abelar has not cited to the record to support his claims. (*People v. Young* (1978) 85 Cal.App.3d 594, 608.) We cannot rely on statements he makes in his brief that are not supported by specific cites to the trial transcripts in the record. (*People v. Elkins* (1992) 12 Cal.App.4th Supp. 1, 4; see also *People v. Young, supra*, 85 Cal.App.3d at p. 608.) Abelar has not shown that the trial court's findings were not supported by the record. He has not shown the People's opposition to his petition was incorrect. He has not made any showing that the jury verdicts were incorrect.

The jury found, among other things, that Abelar "personally and intentionally discharged a firearm which proximately caused death to DANIEL RODGRIGUEZ," and he "personally and intentionally discharged a firearm, a handgun, which caused great bodily injury to REGINALD BALL." It found his attempted murder "was willful, deliberate and premeditated."

DISPOSITION

The order denying Abelar's petition for resentencing is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:



YEGAN, J.          CODY, J.


3

Teresa P. Magno, Judge

Superior Court County of Los Angeles

_____

Roberta Simon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.