Filed 8/19/25  Marriage of Miessner and Gobo CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of MIESSNER and GOBO. | 2d Civ. No. B337244 (Super. Ct. No. D385508) (Ventura County) |
| THOMAS MIESSNER,<br><br>    Appellant,<br><br>v.<br><br>AMANDA GOBO,<br><br>    Respondent;<br><br>VENTURA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>    Intervener and Respondent. | |

Thomas Miessner appeals a judgment of dissolution of marriage between himself and respondent Amanda Gobo.  The trial court entered two judgments.  No wonder Miessner was

uncertain about the date of the final judgment. His appeal is timely. Nevertheless, we affirm because he has not produced a record of the proceedings. We conclude, among other things, that Miessner has not shown the court erred in deciding division of community property, separate property, reimbursement, his obligations, and sanctions.

FACTS

Miessener and Gobo were married for nine years seven months. They had two children, twins, born in June 2014. Miessner petitioned for dissolution of his marriage with his wife Gobo. The parties stipulated that their "date of separation" was January 1, 2018.

The parties set the case "for trial" with hearings on October 19 and 20, and December 6, 2023. The court heard testimony involving: 1) permanent spousal support "in lieu of pendente lite support," 2) child support, 3) child custody and visitation, 4) the division of community property assets and debts, 5) "reimbursements," and 6) attorney fees and other issues. Miessner has not provided a reporter's transcript of that trial or a settled statement.

In its "judgment" after trial, the court found, among other things, that the parties' Shadow Brook Lane property is a community asset. Miessner's claim that it was his separate property acquired with separate funds from the sale of his Crossglade home, "which he purchased before this marriage," was not true. Miessner "failed to produce *any* credible evidence supporting his claim." The court found, "[Gobo] notes that the Shadow Brook home was purchased before the stipulated date of separation, making it presumptively a community property asset, pursuant to Family Code [section] 2581. She further notes that

2

title was taken by the parties as 'Husband and Wife as joint tenants.' " It rejected Miessner's claim that Gobo used "undue influence to force her way on to title."

On the issue of equalization payments, the trial court rejected Miessner's claim that he was entitled to "recoup his downpayment on Shadow Brook using separate property funds of $148,249 from the sale of the [Crossglade] home." The court did find, however, his "separate property contribution" under Family Code section 2640 was $130,000. It found that Miessner "has not established that separate property funds were used to pay down the [Crossglade] mortgage during the marriage." It found "the community paid down the [Crossglade] mortgage."

Gobo moved for sanctions against Miessner under Family Code section 271. In its judgment, the trial court ruled sanctions were warranted. It found Miessner "over-litigated this case, needlessly inflating the cost associated with what should have been a relatively straightforward settlement." It ordered "a contribution of $25,000 paid by [Miessner]" to Gobo's counsel, from Miessner's "portion of the equity/sale proceeds of the Shadow Brook property." It found that the previous child custody order shall remain in place because there was no evidence introduced at trial sufficient to change child custody for Gobo or to change the amount of child support previously agreed to by the parties.

The trial court entered this judgment on March 4, 2024. It ruled, "The Court retains jurisdiction over the parties and their assets and obligations to affect *this judgement*." (Italics added.) Miessner filed a notice of appeal on May 8, 2024.

3

## DISCUSSION

### *Is This Appeal Timely?*

Gobo moves to dismiss this appeal as untimely. On May 8, 2025, she filed a request for judicial notice of a judgment of dissolution of marriage filed July 31, 2024. Her request is granted.

Gobo argues that there can only be one final judgment and that judgment is the July 31st judgment. Because Miessner did not appeal that judgment, it is now too late. Gobo goes on to argue that the appeal from the March 4th judgment is not an appeal from the one final judgment. Therefore, she claims it was not an appealable order. We disagree.

"Under California procedure there is ordinarily only one final judgment in an action." (*Sjoberg v. Hastorf* (1948) 33 Cal.2d 116, 118.) But there are exceptions to this rule that include the collateral order doctrine that allows a party to appeal orders directing the payment of money. (*Otay River Constructors v. San Diego Expressway* (2008) 158 Cal.App.4th 796, 804.) A final order in a bifurcated proceeding regarding child custody may be appealed. (Code Civ. Proc., § 904.1, subd. (a)(14).) An interlocutory judgment directing payment of monetary sanctions exceeding $5,000 may be appealed. (*Id.*, subd. (a)(11).) The court made child custody rulings and imposed sanctions against Miessner of $25,000.

Here the trial court ruled the March 4, 2024, order was a "judgment," not a temporary order. The purpose of the trial was to "resolve" the issues selected by the parties. Because the judgment was "dispositive of the rights of the parties in relation" to their selected issues, and directed the payment of money, "a

4

direct appeal may be taken." (*Hanna v. Mercedes-Benz USA, LLC* (2019) 36 Cal.App.5th 493, 506.)

Moreover, Miessner filed a notice of appeal *prior* to the entry of the July 31st judgment. Appellate courts may treat such premature appeals as timely. (Cal. Rules of Court, rule 8.104(d)(1), (2); *Majestic Asset Management LLC v. The Colony at California Oaks Homeowners Assn.* (2024) 107 Cal.App.5th 413, 422, fn. 3.) We do so here.

*Miessner's Request for Judicial Notice*

On January 21, 2025, Miessner filed a request for judicial notice to include the transcript of Gobo's deposition. But the deposition was not introduced into evidence at trial. It may not be considered as evidence on appeal. (*Ponce v. Black* (1964) 224 Cal.App.2d 159, 164.) Miessner also requested judicial notice of exhibit 47, a Wells Fargo bank checking document. He claims this exhibit was admitted into evidence at trial. Gobo notes the portion of the clerk's transcript that he cites only reflects that this exhibit was marked for identification. On the exhibit tag there is an area marked "Recvd" with a line, but that line is not filled in. There is a conflict between the parties as to whether this exhibit was admitted into evidence. It is Miessner's burden to show this was a document received at trial (*People v. Moore* (1997) 59 Cal.App.4th 168, 177), and he has not met that burden. A trial transcript would show whether this exhibit was admitted into evidence, but Miessner has not provided one. His requests for judicial notice of Gobo's deposition and exhibit 47 are denied.

Miessner also requested judicial notice of exhibit 49, Gobo's "balance sheet." He claims this document was received in evidence at trial. Gobo makes no objection. His request for judicial notice of exhibit 49 is granted.

5

On June 3, 2025, Miessner filed a motion to augment the record to include the April 22 and June 24, 2022, transcripts of his depositions. The motion is denied because these depositions were not admitted as evidence at trial and they may not be considered as evidence on appeal. (*Ponce v. Black, supra*, 224 Cal.App.2d at p. 164.)

*The Merits and the Record*

Miessner claims that the trial court erred in its findings on the division of community property, separate property, reimbursement, his obligations; it miscalculated community debts; and it erred by imposing $25,000 as sanctions against him.

But the trial court made these rulings based on the trial testimony, and there is no record of that testimony. Miessner claims the court erred because the Shadow Brook Lane property was his separate property. But it found Miessner "failed to produce *any* credible evidence supporting his claim." It ruled it would be "inequitable to award *Epstein* credits or *Watts* charges" based "on the totality of the evidence." (*In re Marriage of Epstein* (1979) 24 Cal.3d 76; *In re Marriage of Watts* (1985) 171 Cal.App.3d 366.) On equalization payments, it found Miessner did not show "separate property funds were used to pay down the [Crossglade] mortgage during the marriage." As to sanctions, the court found he "over-litigated this case, needlessly inflating the costs associated with what should have been a relatively straightforward settlement."

To challenge these rulings, it is necessary to know what evidence was presented at trial. But Miessner has not produced a reporter's transcript of the trial and he has not produced a settled statement. Consequently, the record he produced is not

6

sufficient to support his challenges to these findings. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186.)

Miessner claims the trial court erred by finding Shadow Brook Lane was a "community asset" because, although title was in his name and Gobo's as husband and wife as joint tenants, Gobo used undue influence to put her name on that title. He claims that "[f]acts for undue influence *were presented during trial.*" (Italics added.) But he has not cited to testimony from that trial, and he cannot do so now, because he did not produce a reporter's transcript or a settled statement.

"In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided." (*Foust v. San Jose Construction Co., Inc.*, *supra*, 198 Cal.App.4th at p. 186.) "The reason for this follows from the cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown." (*Id.* at p. 187.) " ' "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' " (*Ibid.*) Consequently, where there is no reporter's transcript of the trial testimony, "it is presumed that the unreported trial testimony would demonstrate the absence of error." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) "The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Ibid.*)

Miessner cites to exhibits to support his positions. But "exhibits may not be considered without a record of the testimony

7

given at trial." (*People v. Elkins* (1992) 12 Cal.App.4th Supp. 1, 4; see also *Estate of Miller* (1966) 243 Cal.App.2d 352, 353; *Williams v. Inglewood Board of Realtors* (1963) 219 Cal.App.2d 479, 481-482.)

Moreover, the issue is not whether some evidence supports Miessner, it is whether substantial evidence supports the judgment. The trial court's factual findings are presumed to be supported by substantial evidence. (*Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 207.) Appellants " 'are required to set forth in their brief *all* the material evidence on the point and *not merely their own evidence.* Unless this is done the error is deemed to be waived.' " (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.)

Miessner's challenge to the trial court's findings based solely on his evidence is not sufficient. The court made its findings based on "the totality of the evidence." We presume the unreported trial evidence gave it grounds to diminish the weight of his evidence. (*Estate of Fain, supra*, 75 Cal.App.4th at p. 992.) Meissner claims the court improperly rejected his testimony. But credibility is exclusively decided by the trial court. (*In re R.T.* (2017) 3 Cal.5th 622, 633.)

*Findings on Sanctions*

Miessner claims the trial court's $25,000 sanctions award payable to Gobo's counsel was error because it made no findings on his ability to pay. But "[a] trial court is not required to issue a statement of decision for an attorney fee award." (*In re Marriage of Falcone & Fyke* (2012) 203 Cal.App,4th 964, 981.) Moreover, the court received evidence on the financial condition of both parties. Given the incomplete record, we presume it based the amount of sanctions from evidence it received in the unreported

8

trial evidence.  (*Estate of Fain, supra*, 75 Cal.App.4th at p. 992.) The court's findings in the judgment about his litigation conduct supported the sanctions award.

We have reviewed his remaining contentions and we conclude he has not shown grounds for a reversal.

DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to respondent Gobo.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:



YEGAN, J.



CODY, J.

9

Michael S. Lief, Judge

Superior Court County of Ventura

_____

Thomas Miessner, in pro. per., for Appellant.

Gumm & Green, Lindsey B. Green; Ferguson Case Orr Paterson and Wendy C. Lascher for Respondent.

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Maureen C. Onyeagbako and Ricardo Enriquez, Deputy Attorneys General, for Intervener and Respondent.