Filed 2/24/26  Marriage of Kaur and Cauldhar CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| In re the Marriage of SUMANDEEP KAUR and DESRAJ CAULDHAR. | |
| SUMANDEEP KAUR,<br><br>        Respondent,<br><br>    v.<br><br>DESRAJ CAULDHAR,<br><br>        Appellant. | C102596<br><br>(Super. Ct. No. 21FL01668) |

In this marital dissolution proceeding, Desraj Cauldhar (Husband) appeals from a trial court order dividing marital property.  Husband contends that the trial court abused its discretion because it failed to adequately consider the evidence and made findings that are not supported by substantial evidence.  Based on the limited record on appeal, which does not include a statement of decision or a reporter's transcript, we conclude that

1

Husband has failed to carry his burden of demonstrating reversible error and therefore affirm.

## PROCEDURAL BACKGROUND

This appeal arises from an order determining the division of property in a marital dissolution action. The primary issue between the parties concerned a retail convenience store business and whether Husband breached a fiduciary duty to his wife, Sumandeep Kaur (Wife), when he transferred ownership of the business to a third party. Another contested issue related to whether Wife breached her fiduciary duties to Husband by transferring community funds to India and/or absconding with funds kept at the family residence.

After a bench trial, the trial court issued its "Findings and Order After Hearing." (Some capitalization omitted.) Regarding the retail convenience store business, the trial court found that the business was a community asset with a net value of $396,090. The court found that Husband breached his fiduciary duty to Wife by transferring the business to a third party for inadequate consideration without Wife's knowledge. The court also found that Husband breached his fiduciary duty by diverting the proceeds of a loan issued to the business and then misrepresenting to Wife that the funds were used for the business. In reaching these findings, the court credited the evidence offered by Wife and found the testimony and documentary evidence presented by Husband not credible.

Regarding Husband's accusations against Wife, the trial court found that Wife breached her fiduciary duties to Husband by transferring $41,792 in community funds to India. However, the court rejected Husband's claim that Wife absconded with $12,000 in funds allegedly kept at the family residence.

Based on the foregoing, the trial court awarded the marital residence (with a stipulated net value of $175,265) to Wife, assigned the full value of the retail convenience store business (including the diverted loan proceeds) to Husband, and ordered Husband to

2

make an equalization payment to Wife in the amount of $92,903. Husband filed a timely notice of appeal from the trial court's order.

DISCUSSION

Although not framed as such, Husband's challenge to the trial court's decision is, in substance, an attack on the trial court's findings and the sufficiency of the evidence to support those findings. In particular, Husband contends that the court erred in valuing the retail convenience store business and assigning that value to him. He contends the court failed to consider or give adequate weight to the valuation of the business prepared by Husband's expert, the business's tax returns, business meeting minutes, the testimony of Husband and his business partner, and the business loan paperwork. Husband also contends that the trial court erred by undervaluing the amount of money that Wife transferred to India, undervaluing the amount of cash and jewelry remaining at the family residence, ignoring a purported prenuptial agreement executed between Husband and Wife under the laws of India, and ignoring Husband's contention that the marriage was a fraud because Wife married him solely for money and to gain citizenship.

Generally, we review a ruling dividing property under the abuse of discretion standard. (*In re Marriage of Dellaria & Blickman-Dellaria* (2009) 172 Cal.App.4th 196, 201.) To the extent the trial court's exercise of discretion is based on disputed factual findings, we review those findings for substantial evidence. (*Ibid*.)

Here, Husband contends the trial court abused its discretion because it failed to adequately consider the evidence and therefore made findings that are not supported by substantial evidence. However, under established rules of appellate procedure, the judgment or order of the lower court is presumed to be correct on appeal. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) "All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416; see *Bullock v. Philip Morris USA, Inc.* (2008)

3

159 Cal.App.4th 655, 678 [absent indication in the record that an error occurred, we must presume there was no error]; see also *In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1526 [as an aspect of the presumption that judicial duty is properly performed, we presume that the court knows and applies the correct law and can distinguish admissible from inadmissible evidence].) To avoid this presumption, a party must obtain a statement of decision. (*In re Marriage of Arceneaux,* at pp. 1133-1134.) Without a statement of decision, the reviewing court must presume that the trial court found all facts necessary to support the judgment on any theory before it. (*Ibid*.; *In re Marriage of Carlsen* (1996) 50 Cal.App.4th 212, 215; *In re Marriage of Ditto* (1988) 206 Cal.App.3d 643, 649.)

Moreover, because Husband has provided only a partial clerk's transcript of the proceedings, and the appellate record does not include a reporter's transcript or other record of the oral proceedings in the trial court, we must treat this as an appeal " 'on the judgment roll.' " (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324-325; *Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082.) On such an appeal, the order or judgment is conclusively presumed correct as to all evidentiary matters. (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) The sufficiency of the evidence to support the trial court's findings is not open to question. (*Taylor v. Nu Digital Marketing, Inc.* (2016) 245 Cal.App.4th 283, 288; see also *Williams v. Inglewood Board of Realtors, Inc.* (1963) 219 Cal.App.2d 479, 481-482 [appellant cannot enlarge the scope of review by including documentary evidence in the clerk's transcript]; *People v. Elkins* (1992) 12 Cal.App.4th Supp. 1, 4 [same].) Our review is limited to errors that appear on the face of the record. (*Nielsen,* at pp. 324-325.) In this case, Husband has failed to show any reversible error appearing on the face of the record. Accordingly, Husband has not sustained his burden to overcome the presumption of correctness attending the trial court's order.

We acknowledge that Husband is representing himself on appeal. However, when a litigant appears in propria persona, he or she is held to the same restrictive rules on

4

appeal as an attorney.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247; *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.)

DISPOSITION

The order is affirmed.  Wife shall recover her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


\s\
Krause, J.



We concur:



\s\
Hull, Acting P. J.



\s\
Boulware Eurie, J.

5